**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DEFINITION SERVICES INC., a British Virgin Islands corporation, <br><br>    Plaintiff, <br><br> v. <br><br>GVA CAPITAL LTD., a Cayman Islands exempted company, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) )    C.A. No. 21-741-LPS |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

1. GVA's removal of this action from the Court of Chancery violated the parties' contractual forum selection clause, in which GVA expressly agreed to "***submit to*** the jurisdiction and venue of, ***any*** state or federal court" located in Delaware, thereby waiving the ability to remove.[1]  GVA argues that notwithstanding this clause, no waiver occurred because the forum provision lacks the precise phrasing that was present in certain other cases.  GVA is wrong.  This Court and the Third Circuit have held that no specific formulation is necessary to effect a waiver of the ability to remove, and that similar provisions require remand.  GVA's argument that the forum selection clause should be declared "unenforceable" because litigating in the Court of Chancery would deprive GVA of a jury trial finds no support in the case law or logic, and would have sweeping, destabilizing effects for Delaware forum selection clauses.  GVA's arguments do not come close to satisfying the "strong showing" required to avoid its contractual commitment.

**I. GVA'S REMOVAL VIOLATED THE FORUM SELECTION CLAUSE.**

2. In its Answering Brief, GVA conveniently omits mention of the standard governing this Motion, requiring that the removal statute shall be "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).  Therefore, "[r]emand is appropriate whenever any doubt exists

---
[1] Capitalized terms shall have the meaning set forth in the Motion.

as to whether removal was proper." *Carlyle Inv. Mgmt., L.L.C. v. Carlyle Cap. Corp.*, 800 F. Supp. 2d 639, 644 (D. Del. 2011).  Under this standard, remand is plainly required here.

        **A.**        **Controlling Authority Requires Remand and Cannot Be Distinguished.**

        3.        GVA acknowledges that "forum selection clauses can amount to a waiver of the right to remove" (D.I. 9 at 6), but argues that the particular language of the forum clause in the parties' contract here fails to use the exact wording necessary to do so.  However, the law of this District is clear that a contractual agreement to submit to jurisdiction in a certain court (or courts) amounts to a waiver of the right to remove or transfer the case from such court.  Parties need not use prescribed phrasing to make such an agreement effective.

        4.        For example, in *InterDigital, Inc. v. Wistron Corp.*, C.A. No. 15-478-LPS, 2015 WL 4537133, *1 (D. Del. June 18, 2015), the forum clause provided that "[t]he Parties irrevocably consent to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware." Relying on *Foster v. Chesapeake Insurance Company*, 933 F.2d 1207 (3rd Cir. 1991), this Court concluded that "this language at least arguably constituted a waiver of the parties' right to remove should the other party to the [contract] choose to file in Delaware state court." *Id.*  This Court remanded, explaining that "it would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each others' decision to file in Delaware state court." *Id.* (emphasis in original).

        5.        GVA attempts to distinguish *InterDigital* by noting that the forum selection clause here does not use the term "irrevocably consent." D.I. 9 at 12-13.  This is a distinction without a difference, given that the Operating Agreement provides that GVA "***agrees to and does hereby submit to the jurisdiction and venue of any*** state or federal court" located in Delaware.  OA § 13.10 (emphasis added).  The meaning of this language must be equivalent to the "irrevocable consent" to jurisdiction and venue at issue in *InterDigital*—or the promise to "submit to"

jurisdiction and venue in any Delaware court would be hollow. In fact, this Court was clear that because "all doubt" must be resolved "in favor of remand," and a contract need only "arguably" effect a waiver, there are no magic words necessary to find that a forum clause waived the ability to remove an action. *InterDigital*, 2015 WL 4537133, at *1 (rejecting argument that "the absence of the word 'waiver' from [the forum provision] is decisive").

6. This standard is easily satisfied here. GVA expressly agreed that it "does hereby submit to" the jurisdiction and venue of "any" state or federal court in Delaware. As a result, when Definition properly filed this case in the Court of Chancery, consistent with the forum clause, GVA had already ***agreed to and submitted to*** the jurisdiction and venue of that court. A finding that GVA could nonetheless remove, and thereby reject—and thereby *not* submit to—the Court of Chancery's jurisdiction and venue would entirely deprive the contractual language of its meaning.

7. GVA's attempt to distinguish the forum clause at issue in *Carlyle* is equally flawed. GVA notes that the clause there (unlike here) provided that each party "irrevocably waives" any objection to jurisdiction and venue in the state or federal courts sitting in Delaware. *See* D.I. 9 at 11. But, such "waiver" language is not necessary to support remand; rather, the Court need only determine that the contract language at issue is arguably inconsistent with removal. *See InterDigital*, 2015 WL 4537133, at *1. Moreover, the *Carlyle* court explained that while "both the Court of Chancery and this court are appropriate forums" under the contract provision, once the "plaintiffs chose an appropriate forum," then defendants have committed themselves not to object to that forum. 800 F. Supp. 2d 639 at 645. If the Operating Agreement is to be given effect, it too means that either party may choose to sue in either state or federal court in Delaware, but once that election has been made, the other party must accept the choice (*i.e.*, "submit") and cannot contest or seek to change the forum.

8. GVA recognizes that, to prevail, it must also differentiate this case from *Foster*. To do so, GVA narrowly focuses on the presence of certain wording—specifically, "at the request of the Company" and "such court"—in the *Foster* forum clause, and asserts that because those same phrases are not included in the Operating Agreement, *Foster* is inapposite. D.I. 9 at 10-11. This argument elevates form over substance. Both *InterDigital* and *Carlyle* rely on *Foster* in concluding that the (two different) forum provisions each required remand, although neither contained the precise phrasing from *Foster* that GVA now claims is a necessary prerequisite to support remand. The principle animating *Foster*, *InterDigital*, and *Carlyle* is the same, and does not hinge on any particular formulation.[2] Indeed, *Foster*, *InterDigital*, and *Carlyle* each involved a forum provision that required litigation to be brought in the "state or federal" courts of a particular jurisdiction (as does the Operating Agreement) and, based on this language, each held that defendants had waived the ability to remove the case from state court—even though the case could properly have been initiated in the federal court. Here, that same principle requires remand.

**B. GVA's Other Authorities Are Irrelevant**

9. GVA also relies on Third Circuit cases that are irrelevant here. But even if considered, those cases, too, support remand. For example, GVA cites to *Cowatch v. Sym-Tech Inc.*, 253 Fed. App'x. 231 (3rd Cir. 2007), in which the forum clause contained an express statement that the defendant "waives any rights regarding diversity of jurisdiction pertaining to this matter." Unsurprisingly, the Third Circuit found that this language waived removal to federal court. *Id.* at 234. GVA argues that only language as explicit as that in *Cowatch* can waive the ability to remove. However, this argument misstates the limited holding of *Cowatch* and ignores

---

[2] GVA does not even attempt to distinguish *In re Excide Technologies*, 544 F.3d 196, 218 (3rd Cir. 2008), where the Third Circuit held that a forum clause providing for suit in state or federal courts in Cook County, Illinois waived removal.

the rulings in *Foster*, *InterDigital*, and *Carlyle*, in which waiver was found without comparable language.  Similarly, GVA cites *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545 (3rd Cir. 2011), which involved a forum clause that selected the "courts of the State of New Jersey."  Again, the Third Circuit found that this language waived removal to federal court.  *Id.* at 549.  But *Merrill Lynch* does not hold that *only* this language can result in waiver.  While *Cowatch* and *Merrill Lynch* are further examples of forum provisions that effect a waiver of the ability to remove, they do not require use of specific words for parties to accomplish that result and are consistent with the holding in *InterDigital* that the inclusion or exclusion of a specific word or phrase is not dispositive.

10. GVA also cites to several cases from districts outside of the Third Circuit.  These cases are easily distinguishable because they apply the "clear and unequivocal" standard to waivers of the ability to remove, which contravenes Third Circuit law.  *See Cronin v. Family Educ. Co.*, 105 F. Supp.2d 136, 137-38 (E.D.N.Y. July 26, 2000) (holding that "[t]he waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal"); *AmeriLink Corp. v. Cerco, Inc.*, No. 4:95-CV-01498-DJS, 1996 WL 238525, *2 (E.D. Mo. May 3, 1996) (same); *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, No. 88-C-4857, 1989 WL 2078, *1 (N.D. Ill. Jan. 10, 1989) (same).  In *Foster*, the Third Circuit expressly rejected this standard in the context of contractual forum selection provisions.  *See Foster*, 933 F.2d at 1218 n.15 ("In the context of contractual waiver, however, we do not perceive the need for the 'clear and unequivocal' standard.").  As the Third Circuit explained:

> The "clear and unequivocal" standard . . . fails to consider the *constrictive* rather than *expansive* nature of the right of removal, in addition to serving no meritorious policy of litigation.  It probably had its genesis in the notion, now discarded, that forum selection clauses were presumptively *unenforceable* as "contrary to public policy" or as an illegal attempt to "oust" the court's jurisdiction.  The Supreme Court has said that this notion is old fashioned and contrary to freedom of contract.

*Id.* (emphasis added) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-12 (1972)). GVA's cases concerning whether certain forum selection language satisfied a stricter remand standard than the one at issue here are simply inapposite.[3]

11. This leaves GVA to rely almost exclusively on *Sanyo Electric Co. v. Intel Corp.*, C.A. No. 18-1709-RGA, 2019 WL 1650067 (D. Del. Apr. 17, 2019). In *Sanyo*, defendant removed to federal court from the Court of Chancery because the claims purportedly arose under federal patent law. *Id.* at *1-2. The plaintiff moved to remand, arguing that the defendant had waived its ability to remove and because the claims did not implicate federal jurisdiction. *Id.* The District Court granted the remand motion on the second ground, but declined to find a waiver based on the forum clause. *Id.* at *11-15. In briefly discussing the forum clause, *Sanyo* did not cite to *InterDigital* or *Carlyle*. Instead, *Sanyo* relied on its interpretation of *Foster* and on *Periodical Graphics, Inc. v. Spitz*, 1994 WL 502506 (E.D. Pa. Sept. 14, 1994), which concluded that the forum provision at issue was adopted for "geographic convenience," and so did not waive the right to remove. Specifically, *Periodical* involved an employment agreement's forum clause, providing litigation "may" be commenced in federal or state courts in Pennsylvania or, if the employee was residing in Tennessee at the time, in the federal or state courts of Tennessee, "or in any other court of competent jurisdiction." The court found that the parties had specified Pennsylvania as a permitted jurisdiction for geographic convenience and not as a waiver of the ability to remove. *Id.* at *2-3.

12. The reasoning of *Periodical*, which *Sanyo* adopted, does not apply here. The forum

---

[3] *Cronin* is further distinguishable given that the court, in part, relied upon the *contra proferentem* doctrine and construed the forum provision against the drafter, which in that case was the plaintiff seeking remand. *See Cronin*, 105 F. Supp. 2d at 138. Here, there is no assertion that Definition (or its predecessor-in-interest) was the drafter of the Operating Agreement.

provision in the Operating Agreement is not a permissive clause that merely recognizes potential locations of geographic convenience. The Operating Agreement's forum clause is instead mandatory, requiring that litigation "shall be brought in … any state or federal court located in the [sic] Delaware." This District and the Third Circuit have long acknowledged the distinction between permissive and mandatory forum clauses. *See Dawes v. Publish Am. LLLP*, 563 Fed. App'x. 117, 188, n.3 (3d Cir. 2014) (explaining that mandatory forum clauses are "entitled to a presumption of enforceability" whereas the *forum non conveniens* standard applies to permissive forum clauses).[4] Moreover, the parties here plainly did not select Delaware for its "geographic convenience," but rather for its subject matter expertise: GVA is a Cayman Islands entity with offices in California and Definition is a British Virgin Islands company. Neither party has a presence in Delaware. Rather, the courts within Delaware were chosen as the exclusive, mandatory forum because Delaware law governs the Operating Agreement. This is an entirely different context than the agreement in *Periodical*, which permitted litigation in courts most convenient to the employer, or courts closest to the employee's residence, reflecting a focus on geographic convenience. Regardless, both *Sanyo* and *Periodical* are not controlling here and are contrary to the weight of authority in this District. *See, e.g.*, *InterDigital*, 2015 WL 4537133, at *1; *Carlyle*, 800 F. Supp. 2d at 644.

## II.   ENFORCEMENT OF THE FORUM CLAUSE IS NOT UNREASONABLE.

13.   Seeking to avoid the controlling authority that supports remand of this action and rewrite the forum clause to remove GVA's submission to the jurisdiction and venue of the Delaware state courts, GVA makes the unprecedented argument that the forum clause in the

---

[4] The forum selection clause in *Sanyo* also was mandatory, rather than permissive, but the court in that case did not discuss the significance of that distinction.

Operating Agreement should be deemed "unenforceable" because it will result in this matter being heard by the Chancellor in the Court of Chancery, rather than in this Court before a jury. However, there is a strong presumption in favor of enforcing forum clauses, unless the clause is shown to be unreasonable. *See AGB Contemporary A.G. v. Artemundi LLC*, 2021 WL 1929356, at *7 (D. Del. May 13, 2021); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). To do so, GVA bears the burden of making a "strong showing" that either (a) the selected forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court;" or (b) the forum clause was obtained through "fraud or overreaching." *Id.* at 15, 18. GVA comes nowhere close to satisfying this high bar.

14. GVA does not argue that the forum clause here is the result of fraud or overreaching. Instead, GVA contends that because a jury trial is not available in the Court of Chancery, litigating there would be "so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court." D.I. 9 at 18. GVA cites no authority supporting this sweeping position.[5] While GVA refers to various cases concerning the contours of the right to a jury trial in federal court, none of those cases conclude that enforcement of a forum clause in favor of the Court of Chancery would be unreasonable. This action was properly filed in the Court of Chancery and then removed to this Court in violation of the forum clause agreed to by two sophisticated parties. Thus, this action should never have been in federal court at all. In this context, GVA's argument that the case must stay in federal court because of a *federal* right to

---

[5] The only case cited by GVA that involved an even remotely similar context is *Handoush v. Lease Finance Group, LLC*, 254 Cal. Rptr. 3d 461 (Cal. Ct. App. 2019). That case, decided under the California state constitution and public policy principles, has no bearing on this case. It held that California's policy of invalidating pre-dispute waivers of the right to a jury trial could not be circumvented by a forum and choice of law clause in favor of New York. GVA cannot (and does not) contend that Delaware has a public policy invalidating all pre-dispute waivers of the right to a jury trial.

a jury trial makes no sense. *See Marsh v. First USA Bank, N.A.*, 103 F. Supp. 2d 909, 920-22 (N.D. Tex. 2000) ("The Seventh Amendment right . . . is necessarily incident to, and predicated upon the right to a federal judicial forum," and, therefore, a valid arbitration provision "implicitly waives the attendant right to a jury trial."). Moreover, to accept GVA's argument would be to reward a breach of contractual obligations—and, in effect, to re-write the parties' contract to one that selects only courts of law in Delaware, and excludes courts of equity. This is improper. Notably, in both *InterDigital* and *Carlyle*, the actions were remanded back to the Court of Chancery without any suggestion that it was an "unreasonable" forum due to the unavailability of a jury trial.[6]

15.     What is more, even under the federal law concerning waiver of the right to a jury trial, GVA's position is wrong. The right to a jury trial plainly can be waived. *U.S. v. Moore*, 340 U.S. 616 (1951). And waiver can be implied, rather than express, so long as it is voluntary and knowing. *Seaboard Lumber Co. v. U.S.*, 903 F.2d 1560, 1563 (Fed. Cir. 1990). Critically, "[t]he acceptance of contract provisions providing for dispute resolution in a forum where there is no entitlement to a jury trial may satisfy the 'voluntary' and 'knowing' standard." *First Union National Bank v. U.S.*, 164 F. Supp.2d 660, 663 (E.D. Pa. 2001). "In determining whether a waiver was entered into knowingly, intentionally and voluntarily, courts consider such factors as: (1) the negotiability of the contract terms; (2) any disparity in bargaining power between the parties; (3) the business acumen of the party opposing the waiver; and (4) the conspicuousness of the jury waiver provision." *In re DaimlerChrysler AG Sec. Litig.*, No. Civ. A. 00-993-JJF, 2003 WL 22769051, at *2 (D. Del. Nov. 19, 2003), *aff'd sub nom., Tracinda Corp. v. DaimlerChrysler AG*,

---

[6] Similarly, in *Sanyo* (a case on which GVA heavily relies), a court in this District remanded an improperly removed action to the Court of Chancery without any mention of that being an unfair or otherwise unreasonable forum.

502 F.3d 212, (3d Cir. 2007). Here, all of these factors support a finding that GVA voluntarily and knowingly waived its right to a jury trial when it entered a contract that permitted either party to initiate (and maintain) litigation in the Court of Chancery.

16. In that regard, GVA admits that it is a highly sophisticated investment manager. D.I. 9 at 2-3. By agreeing to "submit" to the jurisdiction and venue of "any" state court in Delaware, GVA undoubtedly knew that this would include the Court of Chancery, which it surely also knew does not employ juries. If GVA was unwilling to have disputes about this investment resolved in the Court of Chancery, it should have negotiated for a different forum clause. Notably, GVA does not even address the first three factors noted above. GVA instead argues only that the jury waiver here was inconspicuous because it was "'lost in a sea' of other forum and venue language." D.I. 9 at 14. This is nonsense. The forum clause here is straightforward and concise, and it is precisely this clause that impliedly waives a jury trial. This is not a case where the waiver of a right to a jury is created through a subtle or nuanced interaction of two separate or unrelated clauses. *See, e.g., Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002) (agreement to arbitrate implied waiver of jury trial); *Gurfein v. Sovereign Grp.*, 826 F. Supp. 890, 921 (E.D. Pa. 1993) (same). GVA, an obviously sophisticated party, cannot claim that it was unaware of the meaning or import of the clause. *See Fleming & Hall, Ltd. v. Cope*, 30 F. Supp. 2d 459, 463-64 (D. Del. 1998) (rejecting argument that agreement to litigate in Court of Chancery was unreasonable). GVA's argument that the Court of Chancery is an "unreasonable" forum for these state law claims is factually and legally unsupported, and would have sweeping and destabilizing implications for a wide range of Delaware forum selection clauses that do not contain express jury trial waivers.

## CONCLUSION

For the foregoing reasons, this Court should grant the Motion to Remand.

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Brock E. Czeschin*
Brock E. Czeschin (Bar No. 3938)
Christian Roberts (Bar No. 6694)
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
czeschin@rlf.com
croberts@rlf.com

*Attorneys for Plaintiff
Definition Services, Inc.*

Dated: July 2, 2021