IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEFINITION SERVICES INC., a British Virgin Islands corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GVA CAPITAL LTD., a Cayman Islands exempted company,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:21-cv-00741-RTD<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF NICHOLAS D. MARAIS IN SUPPORT OF
GVA CAPITAL LTD.'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY**

I, Nicholas D. Marais, hereby declare as follows:

1. I am a partner in the law firm of Keker, Van Nest & Peters LLP, counsel to Defendant GVA Capital Ltd. ("GVA") in the above-captioned action. I make this declaration in support of GVA's motion for leave to take early third-party discovery of non-party Pavel Cherkashin pursuant to Federal Rule of Civil Procedure 26(d)(1). Except where otherwise stated, I have personal knowledge of the facts stated in the declaration and would testify competently as to those facts if called to do so.

2. In early April 2021, Mr. Cherkashin contacted counsel for Plaintiff Definition Services Inc. ("Definition), while still serving as a director of GVA, to notify Definition of his personal objections to GVA's planned distribution of investment proceeds. (Definition is the purported successor-in-interest to Prosperity, an investor in GVA Auto. GVA is the manager of GVA Auto.) Mr. Cherkashin also told Definition that GVA planned to terminate him as a director, alleging that they were trying to "oust him." Definition has relied on (and quoted) Mr. Cherkashin's allegations in its Complaint. *See* D.I. 1-1 at 21.

3.      Since late April 2021, I and others at my law firm have conferred with Mr. Cherkashin's attorneys about GVA's documents. On April 26, 2021, for instance, Elliot Peters wrote to one of Mr. Cherkashin's U.S. lawyers, John Cline, to explain that Mr. Cherkashin "has essentially locked GVA out of its own email accounts" by "chang[ing] the passwords … and refus[ing] to return the 'keys' to the company's computers." A true and correct copy of Mr. Peters's April 26, 2021 letter is attached hereto as **Exhibit 1**. Mr. Cline assured us that no documents or correspondence would be deleted or altered and offered to look into "the access situation." Mr. Cherkashin then changed firms, and his new lawyers at Cooley LLP took a more combative stance. In May, they claimed that the Vestor.In email server or G Suite account—which, by Mr. Cherkashin's design, houses various email accounts long used by GVA personnel—belonged to Mr. Cherkashin alone and that he thus had authority to prevent others (including his former GVA colleagues) from accessing those documents.

4.      On or about October 27, 2021, I learned from publicly available records that the United States Citizenship and Immigration Services ("USCIS") had made a final decision to revoke its prior approval of Mr. Cherkashin's immigration petition (i.e., his Form I-140). Attached as **Exhibit 2** is a true and correct copy of the publicly available page from USCIS's website.

5.      On November 1, 2021, I wrote to Definition's counsel to inform them of USCIS's decision, to explain GVA's concern that Mr. Cherkashin might soon leave the United States, and to ask whether Definition would consent to GVA's taking early discovery from Mr. Cherkashin. In response, Definition's lawyers posed a series of questions about GVA's proposed discovery and Mr. Cherkashin's immigration status, which we answered. On November 5, 2021, Definition's lawyers stated that Definition "does not intend to take a position on [GVA's] motion…." Attached

as **Exhibit 3** is a true and correct copy of the November 1–5, 2021 emails I exchanged with Definition's lawyers about GVA's motion for leave to take early discovery.

6. On November 1, 2021, I wrote to Mr. Cherkashin's U.S. counsel to explain that GVA intended to seek the Court's permission to take early discovery from Mr. Cherkashin. In that email, I requested assurances that Mr. Cherkashin and his counsel would take appropriate steps to preserve all potential evidence in their custody or control. Mr. Cherkashin's lawyers never responded. Attached as **Exhibit 4** is a true and correct copy of my November 1, 2021 email to Mr. Cherkashin's counsel.

7. Attached as **Exhibits 5** and **6** are true and correct copies of GVA's proposed document and testimony subpoenas to Mr. Cherkashin.

I certify under penalty of perjury under the laws of United States that the foregoing is true and correct, and that this declaration was executed at San Francisco, California.

Dated: November 10, 2021

Nicholas D. Marais