Exhibit 1



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Elliot R. Peters**
(415) 676-2276
epeters@keker.com

April 26, 2021

**VIA ELECTRONIC MAIL**

Mark Russell                                    John D. Cline
KSG                                             50 California Street, Suite 1500
P.O. Box 2255, KY1-1107                          San Francisco, California 94111
Grand Cayman                                     cline@johndclinelaw.com
markrussell@ksglaw.ky

Re:    Pavel Cherkashin

Dear Mr. Russell and Mr. Cline:

We represent GVA Capital, Ltd. ("GVA"). We understand that you represent Pavel Cherkashin.

As you know, earlier this month, GVA's shareholders voted to remove Mr. Cherkashin as a director. There is no doubt that they have unfettered authority to do so—for any reason at all or even without reason.[1] Nor is there any doubt that it was appropriate for GVA's shareholders to take the actions they did under these circumstances. As Mr. Silbert explained last week, GVA had come to learn that Mr. Cherkashin concealed financial transactions from the company, obtained his work visa by making material misrepresentations to the United States government, and was (and presumably still is) at risk of imminent deportation. Frankly, it is difficult to see how Mr. Cherkashin left GVA any choice but to remove him.

Unfortunately, over the past few weeks, Mr. Cherkashin has taken various actions that only confirm GVA's decision. In particular, I write to you because we recently learned that Mr. Cherkashin has essentially locked GVA out of its own email accounts: he appears to have changed the relevant passwords before leaving and refuses to return the "keys" to the company's computers. I imagine that the problems with this behavior are obvious to you: Mr. Cherkashin is actively hindering GVA's ability to conduct its business. But we are also particularly concerned here—given Mr. Cherkashin's false claims in recent court submissions and his apparent desire

---

[1] *See* Memorandum and Articles of Association, § 18.2 ("Directors shall be appointed by Ordinary Resolution or by a resolution of the Directors and may be removed by Ordinary Resolution.").

Mark Russell
John Cline
April 26, 2021
Page 2

to rewrite history—that he may be using this unauthorized access to GVA's email services to tamper with or destroy critical evidence.

We have no doubt that you appreciate both the commonsense and legal impropriety of Mr. Cherkashin's actions. His ongoing, unauthorized access to GVA's email accounts almost certainly violates the Computer Fraud and Abuse Act, a federal anti-hacking statute that creates criminal and civil liability for individuals who "intentionally access[] a computer without authorization." *See generally* 18 U.S.C. § 1030; *see also United States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012) (explaining that the CFAA's prohibitions reach both "inside hackers," "individuals whose initial access to a computer is authorized but who access unauthorized information or files," and "outside hackers"). In California, Penal Code Section 502(a) creates criminal and civil liability for anyone who "knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network…." Each of these violations creates a separate civil claim, and each will lead to money damages and a court order compelling the return of any credentials and pilfered documents that Mr. Cherkashin has in his possession.

While GVA reserves the right to seek judicial relief if it must, we are writing to you first to request that you immediately:

- Provide us with all current login credentials for any GVA email accounts or services (including usernames, passwords, and any other information GVA would need to access those accounts);

- Take any steps necessary to immediately restore Mr. Sobachevskiy's access to those accounts or services;

- Confirm that Mr. Cherkashin will immediately refrain from using or accessing any GVA email accounts, services, or documents;

- Confirm whether Mr. Cherkashin has accessed any GVA emails, documents, or computer networks since he was removed on April 13, 2021;

- Confirm that Mr. Cherkashin has not deleted, destroyed, manipulated, or otherwise tampered with any GVA emails or documents since January 1, 2021; and

- Confirm that you and Mr. Cherkashin have taken any necessary steps to preserve all documents, as requested in our April 19 letter, to which you have not yet responded.

GVA is disappointed that Mr. Cherkashin appears to have been persuaded to provide false testimony in this matter. We will contest his claims and set the record straight in due course. But, before then, Mr. Cherkashin must immediately cease his efforts to sabotage GVA Capital

1676757

Mark Russell
John Cline
April 26, 2021
Page 3

and must comply with the requests in this letter. We look forward to hearing from you promptly
and receiving the confirmations we have requested by no later than Wednesday, April 28.

Very truly yours,

KEKER, VAN NEST & PETERS LLP

Elliot R. Peters

ERP/ndm

1676757

# Exhibit 2

USCIS Response to Coronavirus (COVID-19) (https://www.uscis.gov/about-us/uscis-response-to-covid-19)



An official website of the United States government    Here's how you know ⌄                                    Español

(https://www.uscis.gov/)                                                                                         ☰ Menu

Login (/casestatus/displayLogon.do) or Sign up (https://my.uscis.gov/authenticate/saml/sign_up)

X



# Revocation Notice Was Sent

On October 25, 2021, we revoked the approval of your case, Receipt Number LIN1618250744, and mailed you a revocation notice. It explains the reasons for our action. Please follow the instructions in the notice and submit any requested materials. If you do not receive your revocation notice by November 8, 2021, please go to www.uscis.gov/e-request (https://egov.uscis.gov/e-Request/Intro.do) to request a copy of the notice. If you move, go to www.uscis.gov/addresschange (https://egov.uscis.gov/coa/displayCOAForm.do) to give us your new mailing address.

**Enter Another Receipt Number** ?

CHECK STATUS

# Exhibit 3

| | |
|---|---|
| **From:** | Harber, Adam <aharber@wc.com> |
| **Sent:** | Friday, November 5, 2021 3:08 PM |
| **To:** | Nic Marais; skirkpatrick@wc.com; czeschin@rlf.com |
| **Cc:** | Elliot Peters; David Silbert; baronstam@ramllp.com; agold@ramllp.com |
| **Subject:** | RE: Pavel Cherkashin |

**[EXTERNAL]**

Nic,

Thank your for passing that information along.  We still do not see a connection between this number and Mr. Cherkashin, or any indication that his departure from the U.S. has been finally ordered or is imminent.  That said, we do not intend to take a position on your motion if you file it.

Thanks,
Adam

**Adam Harber | Williams & Connolly LLP |** 202.434.5820

---

**From:** Nic Marais <nmarais@keker.com>
**Sent:** Friday, November 5, 2021 11:20 AM
**To:** Harber, Adam <AHarber@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>; czeschin@rlf.com
**Cc:** epeters@keker.com; dsilbert@keker.com; baronstam@ramllp.com; agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Adam,

I'm not confused. I was surprised at yesterday's implication—now made explicit—that I would misrepresent the facts to you or that I would do so to the Court. We have a long road ahead and I don't think I've done anything that would give you cause to doubt my honesty. In any event, Mr. Cherkashin's receipt number is LIN1618250744; you can review the file's status online. Alternatively, Definition and its lawyers have long been in contact with Mr. Cherkashin and his lawyers, so you have other ways of confirming this if you don't trust me. But please do let us know your position today, as you said you would.

Thanks,
Nic

---

**Nic Marais**
Pronouns: he, him, his
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

1

**From:** Harber, Adam <aharber@wc.com>
**Sent:** Friday, November 5, 2021 7:31 AM
**To:** Nic Marais <NMarais@keker.com>; skirkpatrick@wc.com; czeschin@rlf.com
**Cc:** Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; baronstam@ramllp.com; agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Nic,

I'm not sure what your confusion is.  You have indicated that there is an exigency that justifies leave to seek early discovery, and asked our position on that.  We are merely trying to confirm that there is, in fact, an exigency.  Your email does not provide further information in that regard.  Can you provide Mr. Cherkashin's file/receipt number or some other way that we can confirm whether or not his visa has, in fact, been revoked?  You are free to file your motion whenever you would like, but if you would like us to indicate that we are not opposed, we will need to assess evidence of that fact for ourselves.

Thanks,
Adam

**Adam Harber | Williams & Connolly LLP |** 202.434.5820

---

**From:** Nic Marais <nmarais@keker.com>
**Sent:** Friday, November 5, 2021 2:27 AM
**To:** Harber, Adam <AHarber@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>; czeschin@rlf.com
**Cc:** epeters@keker.com; dsilbert@keker.com; baronstam@ramllp.com; agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Hi Adam,

I'm not sure how that's relevant to the relatively straightforward question we've posed. But, last week, the public status on Mr. Cherkashin's USCIS file/receipt number was updated to reflect that USCIS has "revoked the approval of [his] case … and mailed [him] a revocation notice." We've now answered all of your questions and would appreciate it if you could answer ours. As I mentioned on Monday, we think that time is of the essence.

Thanks,
Nic

**Nic Marais**
Pronouns: he, him, his
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

---

**From:** Harber, Adam <aharber@wc.com>
**Sent:** Thursday, November 4, 2021 2:47 PM
**To:** Nic Marais <NMarais@keker.com>; skirkpatrick@wc.com; czeschin@rlf.com
**Cc:** Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; baronstam@ramllp.com;

agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Thanks, Nick.  Can you share your basis for stating that Mr. Cherkashin's visa has been revoked?

Thanks,
Adam

**Adam Harber | Williams & Connolly LLP |** 202.434.5820

---

**From:** Nic Marais <nmarais@keker.com>
**Sent:** Wednesday, November 3, 2021 11:51 AM
**To:** Harber, Adam <AHarber@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>; czeschin@rlf.com
**Cc:** epeters@keker.com; dsilbert@keker.com; baronstam@ramllp.com; agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Hi Adam,

Taking your questions in order:

1. We have no more information about Mr. Cherkashin's (or USCIS's) plans. But because his visa has been revoked, our concern is that his departure could be imminent.
2. We expect to request that Mr. Cherkashin return the GVA documents in his possession, custody or control. Much of Mr. Cherkashin's work at GVA related to the three investments that Definition has identified in its Complaint and its RFPs. *See, e.g.*, Definition RFPs No. 2–4, 5–6; *see also* RFP No. 21 (all documents "relating in any way to Cherkashin's position, role, or employment with GVA Capital and/or any of its affiliates"), *etc*. While we will ultimately need to meet and confer with you about the scope of those RFPs, and about what documents are relevant to the parties' claims and defenses, we trust that you agree that, for now, it makes sense to take whatever steps we can to preserve all potentially relevant information in Mr. Cherkashin's possession.
3. We intend to file a motion for leave to conduct early discovery for the purpose of serving a Rule 45 subpoena on Mr. Cherkashin, pursuant to Fed. R. Civ. P. 26(d)(1). Please let us know whether we can represent that Definition does not oppose that request.

Thanks,
Nic

---

**Nic Marais**
Pronouns: he, him, his
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

---

**From:** Harber, Adam <aharber@wc.com>
**Sent:** Tuesday, November 2, 2021 3:07 PM
**To:** Nic Marais <NMarais@keker.com>; skirkpatrick@wc.com; czeschin@rlf.com
**Cc:** Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; baronstam@ramllp.com;

agold@ramllp.com
**Subject:** RE: Pavel Cherkashin

Hi Nic,

So that we may consider your request, can you let us know (1) if you have any information regarding the timing of when Mr. Cherkashin will be leaving the U.S., (2) what categories of documents or other discovery GVA intends to seek, and (3) in what form GVA intends to make its request to the Court?

Thanks,
Adam

**Adam Harber | Williams & Connolly LLP |** 202.434.5820

---

**From:** Nic Marais <nmarais@keker.com>
**Sent:** Monday, November 1, 2021 8:34 PM
**To:** Harber, Adam <AHarber@wc.com>; Kirkpatrick, Sarah <SKirkpatrick@wc.com>; czeschin@rlf.com
**Cc:** epeters@keker.com; dsilbert@keker.com; baronstam@ramllp.com; agold@ramllp.com
**Subject:** Pavel Cherkashin

Adam, Sarah, Brock:

As you may already know, after Pavel Cherkashin was terminated, he improperly retained—and withheld from GVA Capital personnel—access to various GVA documents. GVA has repeatedly requested that Mr. Cherkashin return those documents; he has, unfortunately, refused. This issue has now taken on a new urgency: we recently learned that USCIS is revoking Mr. Cherkashin's visa and we expect that his time in the U.S. may be very limited. As such, we intend to move the Court to allow us to serve a subpoena on Mr. Cherkashin so that we can demand that he return (or produce copies of) GVA's documents to GVA. Before doing that, we wanted to see whether Definition will agree that it is appropriate to open discovery now for this limited purpose. Please let us know your position by close of business on Wednesday; we believe that time is of the essence.

Thanks,
Nic

**Nic Marais**
Pronouns: he, him, his
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

# Exhibit 4

| | |
|---|---|
| **From:** | Nic Marais |
| **Sent:** | Monday, November 1, 2021 5:34 PM |
| **To:** | Goodhart, Kathleen |
| **Cc:** | Elliot Peters; David Silbert |
| **Subject:** | Pavel Cherkashin |

Kathleen:

As you know, GVA has serious concerns about your client's behavior over the past year. As relevant here, he has locked various GVA personnel out of their email accounts; he has improperly retained GVA documents despite being terminated more than 6 months ago; and he has held those documents hostage, refusing to return them unless GVA accedes to his demands that his distribution interests be prioritized over others'. We have repeatedly asked that Mr. Cherkashin return any and all GVA documents to GVA; he has repeatedly refused.

GVA's concerns have now taken on a new urgency: it has recently come to our attention that USCIS is revoking Mr. Cherkashin's work visa. Before Mr. Cherkashin departs the U.S., voluntarily or otherwise, it is imperative that he return these documents to GVA, not least because some of them are relevant to ongoing litigation between GVA and Definition Services, Inc. We write to let you know that we intend to seek leave from the District Court to serve a subpoena on Mr. Cherkashin compelling the return of these documents. If Mr. Cherkashin refuses to comply, or if he leaves the country before complying, we may also need to serve a subpoena on your law firm for documents in your custody or control (including, for instance, any forensic images you have created of Mr. Cherkashin's hard drives, cloud storage, or email accounts within his control). Because these documents are relevant to ongoing litigation, we trust that it is self-evident that you, Cooley, and Mr. Cherkashin must take steps to preserve whatever copies you have in your possession, custody, or control. Please confirm by close of business on Wednesday that you have done so.

Thanks,
Nic

**Nic Marais**
Pronouns: he, him, his
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6614 direct | 415 391 5400 main
nmarais@keker.com | vcard | keker.com

# Exhibit 5

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEFINITION SERVICES INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00741-RTD |
| | ) | |
| GVA CAPITAL LTD | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Pavel Cherkashin
_____
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco<br>CA  94111 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  By court reporter and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Nicholas D. Marais |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  GVA Capital Ltd
_____, who issues or requests this subpoena, are:
Nicholas D. Marais, Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA  94111, nmarais@keker.com; (415) 773-6614

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00741-RTD

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEFINITION SERVICES INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00741-RTD |
| | ) | |
| GVA CAPITAL LTD | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Pavel Cherkashin

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA  94111 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR  /s/ Nicholas D. Marais |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GVA Capital Ltd
_____ , who issues or requests this subpoena, are:
Nicholas D. Marais, Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA  94111, nmarais@keker.com; (415) 773-6614

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00741-RTD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A

### DEFINITIONS

1.      "Action" shall mean the above-captioned action.

2.      "Communicate," "Communication," or "Communications" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure, and for avoidance of doubt shall include any actual or attempted transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

3.      "Cayman Islands Litigation" means the action you filed in the Grand Court of the Cayman Islands, styled *Cherkashin et al. v. GVA Capital Ltd. & Odrison Investments Limited*, No. FSD 94 of 2021 (NSJ).

4.      The term "Definition" means Plaintiff Definition Services Inc., including but not limited to any past or present divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units; and past or present officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf.  For the avoidance of doubt, the term "Definition" includes Nariman Gadzhiev, Trevor Pinchemain, Neuberger Berman (and its employees, like Holly Kroft), and attorneys at Miller & Chevalier, Richards Layton & Finger, and Williams & Connolly.

5.      "Document" or "Documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, all electronically stored information, originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, whether or not claimed to be privileged or confidential, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, diaries, summaries of personal conversations or interviews, expressions or statements of policy, lists of persons attending

meetings or conferences, reports or summaries of meetings, minutes or records or notes of meetings or conferences, reports or summaries of investigations, opinions of counsel, reports or summaries of either negotiations within or without the corporation or preparations for such, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, bills of sale, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, reports to stockholders, instruments, press releases, drafts of any document, accounts, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, brochures, manuals, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, electronic communications including but not limited to emails and/or text messages, voice mail messages, telegraphic messages, faxes, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, server, mainframe, or other storage device (including (i) information on or in computer memory, (ii) information on or in computer or network backup files, and (iii) information that has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within your possession, custody or control. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

6.      The term "GVA Capital Documents" shall mean any Documents created, drafted, or otherwise prepared by, or which were sent or received by, any GVA personnel, employees, or directors acting in the course or scope of their GVA roles.

7.      The term "GVA Email Accounts" shall mean any email addresses used to conduct GVA business or interact with GVA investors (including but not limited to roman@vestor.in,

roman@gva.capital, roman@mindrock.capital, dm@gva.capital, and any other @gva.capital email addresses or aliases).

8.      The term "Heritage Trust" refers to the Heritage Trust, a Delaware irrevocable trust of which Citicorp Trust Delaware, serves as an Administrative Trustee and each of its two beneficiaries—the HWE Sub-Trust and the Heritage Foundation. "Heritage Trust" includes but is not limited to any past or present divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units; and past or present officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf.  For the avoidance of doubt, the term "Heritage Trust" includes Nariman Gadzhiev, James C. Langdon, Jr., Julia Beskin, and Neuberger Berman and its employees (like Holly Kroft).

9.      "Person" or "persons" mean natural persons, proprietorships, corporations, partnerships, trust, joint ventures, groups, associations, organizations, and all other entities.

10.     The term "PLA" means the Profit & Loss agreement entered into by GVA and Prosperity, whereby the parties agreed that (1) GVA would make Prosperity whole if the Luminar investment failed, thereby assuming the risk in the transaction and (2) GVA would retain any profits in excess of Prosperity's initial investment.

11.     The term "Prosperity" means Prosperity Investments LP including but not limited to any past or present divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units; and past or present officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf.  For the avoidance of doubt, the term "Prosperity" includes Nariman Gadzhiev.

12.     "Relating to," "referring to," and "concerning" shall be given the broadest meaning possible, including, but not limited to, each term's common meaning as well as reflecting, regarding, describing, evidencing, constituting, having any relationship to, pertaining to, or being in any way legally, logically, or factually connected, in whole or in part, with the matter discussed or the subject matter of the particular request.

13.     As used herein, "you" and "your" refers to Pavel Cherkashin, any entity owned or controlled by Mr. Cherkashin, and any past or present employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on Mr. Cherkashin's behalf.

## GENERAL INSTRUCTIONS

1.      Produce all responsive documents and things in your possession, custody, or control, wherever located. If you cannot fully respond to the following requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely.

2.      Unless otherwise noted, produce documents and tangible things that were prepared, created, written, sent, dated, or received at any time up to the present.

3.      Produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

4.      Produce color copies of documents where color is necessary to interpret or understand the contents.

5.      Electronic records and computerized information must be produced in an intelligible format.

6.      If any documents called for by these Requests are withheld under claim of privilege or are not produced for any reason, you are requested to separately state in writing and with specificity for each such document: (a) the claim(s) of privilege or other reason(s) asserted for withholding the document; and (b) the information supporting the claim(s) of privilege or other reason(s) for withholding the document, including, without limitation, the type or nature of the document (e.g., letter, memorandum, email, etc.), its author, all recipients, all persons to whom it was shown or otherwise made available or with whom it was discussed, the date of the document, and a description of the substance of the document, all in a manner sufficient to allow the Court to rule on the validity of the claim(s) of privilege or other reason(s) asserted for withholding each document from production. You are further requested to provide all portions of

requested documents that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions of such document for which a claim of privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7.     Unless otherwise indicated in a particular request these requests are not limited by time or geography.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications sent by or received to the GVA Email Accounts.

### REQUEST FOR PRODUCTION NO. 2:

All documents and communications concerning GVA Capital Ltd.

### REQUEST FOR PRODUCTION NO. 3:

All documents and communications concerning GVA Auto LLC.

### REQUEST FOR PRODUCTION NO. 4:

All documents and communications concerning Luminar Technologies, Inc. ("Luminar"), including but not limited to GVA Auto LLC's investment in Luminar.

### REQUEST FOR PRODUCTION NO. 5:

All documents and communications concerning the Startup Temple Group LLC and the investment in 906 Broadway St., San Francisco.

### REQUEST FOR PRODUCTION NO. 6:

All documents and communications concerning GVA Vestor.In Partners Fund, L.P. ("Vestor.In").

### REQUEST FOR PRODUCTION NO. 7:

Your communications with Definition or Prosperity (including any documents you have sent to or shared with Definition or Prosperity).

### REQUEST FOR PRODUCTION NO. 8:

Your communications with the Heritage Trust (including any documents you have sent to or shared with the Heritage Trust).

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications any agreements between GVA Capital Ltd. (or its representatives) and Prosperity concerning the distribution of any investment profits between them, including but not limited to the PLA.

**REQUEST FOR PRODUCTION NO. 10:**

All non-privileged communications concerning the Cayman Islands Litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Your communications with the United States Citizenship and Immigration Services ("USCIS") concerning your I-140 petition, your I-485 application, or USCIS's notices about the revocation of any of your visa(s), petition(s), or application(s).

**REQUEST FOR PRODUCTION NO. 12:**

A copy of any forensic image, preservation, or other back-up (including any back-up to a computer hard-drive, external hard-drive, or cloud-based service) that you or any of your employees, representatives, or agents created of any GVA Capital Documents you control.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify individuals who controlled or had administrator privileges over the GVA Email Accounts between 2016 and the present (including the dates any such privileges were created or revoked).