IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEFINITION SERVICES INC., a British
Virgin Islands corporation,,

               Plaintiff,

      v.

GVA CAPITAL LTD., a Cayman Islands
exempted company,

               Defendant.

C.A. No. 1:21-cv-00741-RTD

**NON-PARTY PAVEL CHERKASHIN'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT GVA CAPITAL LTD.'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY FROM NON-PARTY PAVEL CHERKASHIN**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 1

    A.   Mr. Cherkashin's Connection to GVA Capital. ....................................... 1

    B.   Mr. Cherkashin is Authorized to Remain in the United States and Is Under
       No Threat of Deportation. ........................................................................ 2

    C.   GVA Capital Has No Right to Access or Control Mr. Cherkashin's
       Documents. ............................................................................................... 3

III.    ARGUMENT ..................................................................................................... 3

    A.   Reconsideration Is Warranted To Correct Clear Factual Errors. ............. 3

    B.   GVA Capital Lacked Good Cause for Its Request. ................................. 4

         1.   Mr. Cherkashin is not being deported from the United States. ................. 5

         2.   GVA Capital is not losing access to documents it may seek
             through normal discovery. ........................................................ 6

         3.   GVA Capital's request for immediate deposition and production is
             burdensome and unjustified. .................................................... 7

IV.    CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chubb Ina Holdings Inc. v. Chang*,
    No. 16-2354 (FLW)(DEA), 2016 WL 3470291 (D.N.J. June 24, 2016)...................................8

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
    No. 11–465–LPS–CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) ...................................5, 7

*Lazaridis v. Wehmer*,
    591 F.3d 666 (3d Cir. 2010)...........................................................................................4

*Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*,
    No. 13–4255 (NLH/JS), 2013 WL 4080648 (D.N.J. Aug. 13, 2013)...................................5, 9

*Williams v. Ocwen Loan Servicing LLC*,
    No. 14-1096-LPS-CJB, 2015 WL 184024 (D. Del. Jan. 13, 2015) .........................................6

**Other Authorities**

8 C.F.R.
    § 274a.12...................................................................................................................6
    § 274a.14...................................................................................................................7

Federal Rules of Civil Procedure Rule
    26(d)........................................................................................................................5
    26(f).....................................................................................................................4, 5

LR
    7.1.2...................................................................................................................1, 4
    7.1.5...................................................................................................................1, 4

I.      INTRODUCTION

Pursuant to D. Del. LR 7.1.5, Non-Party Pavel Cherkashin respectfully seeks reconsideration of this Court's November 17, 2021 order granting Defendant GVA Capital Ltd.'s ("GVA Capital") Motion for Leave to Take Early Discovery from Non-Party Pavel Cherkashin ("Order").  GVA Capital argued that its rushed request for wide-ranging discovery from Mr. Cherkashin was justified by claiming that Mr. Cherkashin will be "imminent[ly]" deported from the United States.  This is not true.  Mr. Cherkashin is not being deported, and is authorized to live and work in the United States through September 2022, when he may apply to extend his authorization further.  Moreover, GVA Capital has no right to Mr. Cherkashin's servers, email accounts, or the documents stored therein, and he has not "stolen" or "absconded" with any such documents, as GVA Capital claims.  Mr. Cherkashin intended to file an opposition to GVA Capital's Motion to correct these factual errors within the 14 days allowed under D. Del. LR 7.1.2. Mr. Cherkashin respectfully requests that the Court reconsider the Order because it was premised on clear factual errors and was issued before Mr. Cherkashin had an opportunity to correct the record.

II.     BACKGROUND

A.      Mr. Cherkashin's Connection to GVA Capital.

Mr. Cherkashin is a founding member and shareholder of GVA Capital.  (Decl. of Pavel Cherkashin ("Cherkashin Decl.") ¶ 1.)  In April 2021, Mr. Cherkashin refused to support GVA Capital's efforts to enforce an alleged oral agreement between Magomed Musaev and Prosperity Investments LP ("Prosperity") concerning the profits of Prosperity's investment in Luminar Technologies Inc. ("Luminar"), because that alleged oral agreement was contrary to GVA Capital's written agreements with Prosperity's predecessor, Definition Services Inc. ("Definition").  (*Id.* ¶ 3.)  Mr. Musaev threatened Mr. Cherkashin that his failure to comply would

result in his removal as director, and Mr. Cherkashin was removed on April 13, 2021. (*Id.*) Mr. Cherkashin denies GVA Capital's allegations of any wrongdoing. (*Id.*; *see generally* Mot.)

In April 2021, Mr. Cherkashin filed suit in the Cayman Islands against Mr. Musaev and his entity—Odrison Investments Limited—seeking injunctive relief to prevent GVA Capital from breaching its written agreements, taking control of the Luminar shares, and moving the proceeds of those shares outside the jurisdiction of the United States or Cayman Island courts. (*See* Cherkashin Decl. ¶ 4, & Ex. B (Apr. 19, 2021 Cherkashin Affidavit ).)

Soon thereafter, Definition initiated the current action in the Delaware Court of Chancery seeking to stop GVA Capital from taking the Luminar shares based on an alleged oral agreement, and now the shares are in a trust during the pendency of this action. Mr. Cherkashin is not, and has never been, a party to the instant action, and he voluntarily dismissed his lawsuit in the Cayman Islands in July 2021. (Cherkashin Decl. ¶ 4.)

On May 25, 2021, GVA Capital removed this action to district court, and on June 4, 2021, Definition moved to remand to the Court of Chancery. The motion to remand was denied on November 17, 2021.

**B.      Mr. Cherkashin is Authorized to Remain in the United States and Is Under No Threat of Deportation.**

Mr. Cherkashin is a Russian citizen and has employment authorization to live and work in the United States through September 2022, when he may apply for an extension. (Cherkashin Decl. ¶ 2, & Ex. A (Employment Authorization Card).) The October 25, 2021 Notice of Intent to Revoke Mr. Cherkashin's I-140 petition did not affect the validity of his employment authorization. (Cherkashin Decl. ¶ 2.) Contrary to GVA Capital's claims, Mr. Cherkashin is not in removal proceedings, he is not being deported, and he has no plans to leave the country. (*Id.*)

### C.   GVA Capital Has No Right to Access or Control Mr. Cherkashin's Documents.

GVA Capital claims Mr. Cherkashin is in possession of "stolen" documents belonging to GVA Capital.  (Mot. ¶ 31.)  This is also not true.

GVA Capital has no ownership interest or right to access the Vestor.In Google account that Mr. Cherkashin and his employees use for the Vestor.In business.  (Cherkashin Decl. ¶ 5.) Vestor.In is a separate entity from GVA Capital, founded by Mr. Cherkashin in 2013 to pursue investment opportunities unrelated to GVA Capital.  (*Id*.)  In 2015, Mr. Cherkashin established an end user account for Roman Sobachevskiy, then an intern of Vestor.In, to conduct Vestor.In business.  (*Id.*)  Mr. Sobavhevskiy subsequently joined GVA Capital.  (*Id.*)  Mr. Cherkashin terminated Mr. Sobachevskiy's access to the Vestor.In account—as he was entitled to do as Vestor.In principal and the Google account administrator—in early 2021.  (*Id.*)  No other GVA Capital personnel have ever had access to the Vestor.In Google account.  (*Id*.)  GVA Capital has no ownership interest or right to access or control the Vestor.In Google account or the documents and emails stored therein.  (*Id*.)

Further, Mr. Cherkashin has never had any control over any servers, email accounts, or computers that belong to GVA Capital.  (Cherkashin Decl. ¶ 5.)  It is Mr. Cherkashin's understanding that Mr. Musaev controls access to GVA Capital's corporate domains and servers. (*Id.*)

## III.   ARGUMENT

### A.   Reconsideration Is Warranted To Correct Clear Factual Errors.

Motions for reconsideration are governed by Local Rule 7.1.5.  *See* D. Del. L.R. 7.1.5.  A court may grant a motion for reconsideration on any of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Mr. Cherkashin respectfully requests consideration of the Order granting GVA Capital leave to take early and wide-ranging discovery from Mr. Cherkashin because it is premised on clear factual errors raised in GVA Capital's Motion, and Mr. Cherkashin was not allowed a chance to respond to that motion to correct these errors within the 14 days permitted under D. Del. LR 7.1.2. GVA Capital's Motion was based on the incorrect assumption that Mr. Cherkashin and documents in his possession and control would be permanently leaving the United States at any moment. To the contrary, Mr. Cherkashin is not being deported and there is no justification to permit such sweeping discovery on a rushed basis. Further, now that the motion to remand has been denied and the case will remain in district court, the parties will hold their Rule 26(f) conference and discovery may proceed in due course. As a result, there is no need for rushed and unduly broad and burdensome discovery from Mr. Cherkashin on this expedited basis.

### B.    GVA Capital Lacked Good Cause for Its Request.

Rule 26(d) of the Federal Rules of Civil Procedure prohibits parties from seeking discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). GVA Capital admitted that the parties have not held their Rule 26(f) conference in this case.

Courts have allowed parties to deviate from this rule and request expedited discovery only if there is good cause to do so, and the request is reasonable under the circumstances. *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11–465–LPS–CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011). "Under this 'reasonableness' standard, the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and

purpose of the requests; and (3) the nature of the burden to the respondent." *Id.* However, when considering these reasonableness factors, there is also a "presumption against expedited discovery that must be rebutted by the moving party." *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, No. 13–4255 (NLH/JS), 2013 WL 4080648, at *2 (D.N.J. Aug. 13, 2013). "Expedited discovery's role as an exception—fixed by the structure of 26(d)(1)—should limit discretion" to prevent the exception "from subsuming their corresponding rules." *Id.* at *3 (citation omitted).

GVA Capital failed to establish the requisite good cause for its extraordinary request for expedited discovery because Mr. Cherkashin is not being deported, and GVA Capital is not at risk of losing access to any documents it is entitled to obtain through proper discovery channels, as GVA Capital claims. Thus, the Order was premised on the factual errors raised in GVA Capital's Motion, and Mr. Cherkashin requests that the Order be reconsidered.

### 1.     Mr. Cherkashin is not being deported from the United States.

GVA Capital tried to create a false emergency to justify its request for expedited discovery. Mr. Cherkashin is not being deported "imminently," or at any point in the foreseeable future. (Mot. ¶¶ 7, 31–33.) His employment authorization allows him to live and work in the United States through September 2022, when he may apply for an extension. GVA Capital cannot establish any risk of losing access to Mr. Cherkashin or information within his possession, custody, or control. *See Williams v. Ocwen Loan Servicing LLC,* No. 14-1096-LPS-CJB, 2015 WL 184024, at *2 (D. Del. Jan. 13, 2015) (denying motion for expedited discovery where request was not urgent).

GVA Capital's only support for its claim that Mr. Cherkashin is being deported is a USCIS webpage stating that "we revoked the approval of your case . . . and mailed you a revocation notice," which "explains the reasons for our action" and asks that Mr. Cherkashin "follow the instructions in the notice and submit any requested materials." (Marais Decl., Ex. 2.) No other

information is provided.  Yet GVA Capital's counsel characterizes this as USCIS's "final decision to revoke its prior approval of Mr. Cherkashin's immigration petition[.]"  (Marais Decl. ¶ 4)  Nothing in the publicly available webpage attached as Exhibit 2 states that this is a "final decision," or that Mr. Cherkashin is being deported, imminently or otherwise.

In fact, Mr. Cherkashin's employment authorization allows him to remain in the United States through September 2022, when he may apply for an extension on that authorization.  The Notice of Revocation has no impact on Mr. Cherkashin's employment authorization, and GVA Capital has no evidence that Mr. Cherkashin's authorization has been revoked.  *See* 8 C.F.R. § 274a.12 (listing class of individuals who qualify for employment authorization, without regard for status of I-140 petition); 8 C.F.R. § 274a.14 (I-140 petition status is not listed as one of the enumerated factors that will result in employment authorization termination).

### 2.    GVA Capital is not losing access to documents it may seek through normal discovery.

GVA Capital mischaracterizes its document requests as GVA Capital seeking "merely to recover its own documents and email, with which Mr. Cherkashin improperly absconded after GVA terminated his directorship."  (Mot. ¶ 35.)  This is not true.  Mr. Cherkashin did not "abscond" with any documents; he always maintained his own Vestor.In Google account separate and apart from GVA Capital's email accounts and servers (over which Mr. Cherkashin has no control).  GVA Capital has no right to access or control the contents of the Vestor.In Google account.  The information stored in that account is only available through appropriate third-party discovery methods narrowly tailored to seek information relevant to the action at hand.  Mr. Cherkashin will serve objections and responses to these overbroad requests pursuant to Rule 45 of the Federal Rules of Civil Procedure once the subpoenas are properly served.

But GVA Capital made no effort to limit its proposed requests to the claims or issues in

this case.  Third-party discovery—whether expedited or not—is not the appropriate vehicle for GVA Capital to extract revenge on Mr. Cherkashin for his perceived failure to go along with GVA Capital's plan with respect to Luminar shares.  *See Chubb Ina Holdings Inc. v. Chang*, No. 16-2354 (FLW)(DEA), 2016 WL 3470291, at *5 (D.N.J. June 24, 2016) (denying motion for expedited discovery where "the discovery sought . . . does not appear to be narrowly tailored to flesh out essential facts").

The Order granting GVA Capital's Motion relied on the clear factual error that haste was necessary (it is not) and some or all of these documents belong to GVA Capital (they do not).  As a result, Mr. Cherkashin respectfully requests that the Order be reconsidered.

### 3.    GVA Capital's request for immediate deposition and production is burdensome and unjustified.

GVA Capital's rushed demand for sweeping discovery imposes an undue burden on Mr. Cherkashin, a non-party in this case.  *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc*., No. C.A.04-1371 JJF, 2006 WL 2604540 (D. Del. Aug. 24, 2006) ("In the case of nonparty deponents, courts recognize that discovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents"). GVA Capital argues that the burden of production would be "relatively low" because Mr. Cherkashin can "simply make a copy or forensic image of the documents he already possesses and provide them to GVA."  (Mot. ¶ 36.)  However, GVA Capital is not entitled to a forensic image of all the documents in Mr. Cherkashin's possession, and any document request seeking such information is indefensibly overly broad.  Mr. Cherkashin will serve objections and responses challenging the overbreadth of these requests once the subpoenas are properly served.  The deposition subpoena also seeks to force Mr. Cherkashin to sit for deposition on a rushed basis, before the parties have conducted any other discovery.  Mr. Cherkashin is not being deported, and has no plans to leave

the country, so GVA Capital's assertion that there is a "likelihood of Mr. Cherkashin's unavailability to testify at trial" is another scare tactic with no basis in fact.  (Mot. at ¶ 31.)  *See Techtronic*, 2013 WL 4080648, at *1–3 (denying plaintiff's request for expedited discovery where the proposed discovery was "overbroad" and plaintiff failed to present "a good reason why discovery needs to be accelerated").  There is no reason to rush Mr. Cherkashin's deposition, or the production of any documents, let alone in response to the sweeping requests that GVA Capital has proposed.

GVA Capital's Motion asserts incorrectly that Mr. Cherkashin is being deported and "absconding" with its documents.  This not true, and Mr. Cherkashin respectfully requests that the Order be reconsidered, and GVA Capital's Motion denied, in light of these factual errors.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Cherkashin respectfully requests that the Court reconsider its Order and deny GVA Capital's Motion.

Dated: November 17, 2021

**MORRIS, NICHOLS, ARSHT &
TUNNELL LLP**


By: */s/ Ryan D. Stottmann*
Ryan D. Stottmann
rstottmann@morrisnichols.com
1201 North Market Street, 16th Floor
PO Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 351-9430
Facsimile: (302) 425-4676

**COOLEY LLP**
Kathleen H. Goodhart
kgoodhart@cooley.com
Amy M. Smith
amsmith@cooley.com
3 Embarcadero Center
20th Floor
San Francisco, CA  94111-4004
Telephone:       +1 415 693 2000
Facsimile:        +1 415 693 2222

Attorneys for Third-Party Pavel Cherkashin

259815884