# Exhibit B

Plaintiffs<br>
P Cherkashin<br>
First<br>
PC-1<br>
19 April 2021

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD _____ OF 2021 (_____)

**BETWEEN:**

(1) **PAVEL CHERKASHIN**
(2) **PAVEL CHERKASHIN (DERIVATIVELY ON BEHALF OF GVA CAPITAL LTD)**

**PLAINTIFFS**

**AND:**

(1) **GVA CAPITAL LTD**
(2) **ODRISON INVESTMENTS LIMITED**

**DEFENDANTS**

**FIRST AFFIDAVIT OF PAVEL CHERKASHIN**

I, **PAVEL CHERKASHIN**, of 906 Broadway, San Francisco, California 94177, United States, **MAKE OATH** and say as follows:

**I.   Introduction**

1. I am the plaintiff in this proceeding, on my own behalf and derivatively on behalf of GVA Capital Ltd (**GVA Capital**). The facts set out in this affidavit are within my direct knowledge. Where any matter set out in this affidavit is not within my direct knowledge, I set out the source of my knowledge and believe that the matter is true. Where I refer in this affidavit to communications with or advice from attorneys, or to any ongoing legal proceedings, I do not intend to waive any privilege and no privilege is waived.

---

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

1

2. There is now produced and shown to me marked **PC-1** a bundle of true copies of various documents to which I will refer in this affidavit. Except where otherwise stated, or the context requires, references in this affidavit to "pages" are to pages of Exhibit PC-1.

3. I make this affidavit in connection with the summons issued on my behalf for an *ex parte* order for injunctive relief against GVA Capital and the Second Defendant, Odrison Investments Limited (**Odrison**), and for the appointment of joint receivers over GVA Capital.

4. As explained further in this affidavit, I am a shareholder of GVA Capital and am seeking urgent injunctive relief to prevent the individuals exercising control over GVA Capital from taking steps that will result in GVA Capital losing significant and valuable management rights, and to prevent an oppressive dilution of my shareholding in breach of the directors' fiduciary duties.

## II. Parties Involved

5. In this section, I set out the identities and relationships between various parties who are relevant to this matter.

6. GVA Capital is a Cayman Islands exempted company incorporated on 27 July 2016. A copy of GVA Capital's certificate of incorporation, and memorandum and articles of association, are at pages 1 to 27 of PC-1.

7. There are four shareholders in GVA Capital:

    7.1. I own 20,000 shares, representing 35% of the total shares;

    7.2. Odrison owns 20,000 shares, representing 35% of the total shares. Odrison is controlled by, and represents the interests of, Magomed Musaev (**Mr Musaev**), a Russian national domiciled in the Russian Federation;

    7.3. Artem Smirnov (**Mr Smirnov**) owns 10,000 shares, representing 17.5% of the total shares; and

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

7.4. Roman Sobachevsky (**Mr Sobachevsky**) owns 7,143 shares, representing 12.5% of the total shares.

A copy of the current Register of Members of GVA Capital is at pages 28 to 29 of PC-1.

8. Until 13 April 2021, the two directors of GVA Capital were me and Odrison. As explained further below, I was removed as a director at a shareholders' meeting held on 13 April 2021.

9. Odrison is a Cyprus limited company. At page 30 of PC-1 is a copy of an extract from the Cyprus Companies House showing Odrison's basic corporate information including its registered office in Cyprus.

10. GVA Capital carries on business as an investment manager for various investment funds, including GVA Auto, LLC (**GVA Auto**), a Delaware limited liability company. GVA Auto is governed by an Operating Agreement dated 29 June 2017, a copy of which is at pages 31 to 48 of PC-1 (the **Operating Agreement**).

11. GVA Auto operates as an investment fund through which its members participate in an equity investment in Luminar Technologies, Inc. (**Luminar**), a company that provides technology for self-driving vehicles. Since 3 December 2020, Luminar's stock has been traded on the NASDAQ stock exchange under the ticker symbol LAZR. GVA Auto owns 18,030,728 shares in Luminar (the **LAZR Shares**), acquired through the initial capital investment by GVA Auto's investors.

12. The original investor in GVA Auto was Prosperity Investments LP (**Prosperity**), a Guernsey limited partnership. In response to a capital call notice issued on 12 September 2016, a copy of which is at page 49 of PC-1, Prosperity invested US$20,000,000 in GVA Auto for the acquisition of the LAZR Shares.

13. There are currently two participating members in GVA Auto:

13.1. Definition Services Inc. (**Definition**), a British Virgin Islands company that acquired 95% of Prosperity's original interest on 19 December 2018; and

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

3

13.2. Mr Smirnov, who acquired 5% of Prosperity's original interest on 29 June 2017.

14. Definition is ultimately owned by a Delaware trust that is professionally managed and advised.

### III. Background to this Application

15. At the time of its initial investment in GVA Auto, Prosperity was associated with Suleyman Kerimov (aka Suleiman Kerimov) (**Mr Kerimov**), a Russian national and purportedly a beneficiary of the trust that ultimately owns Definition.

16. Under the Operating Agreement, all profits from the investment in LAZR Shares (subject to a 10% carried interest due to GVA Capital) are to be distributed to Definition and Mr Smirnov in proportion to their respective interests.

17. In April 2018, the United States Department of Treasury, through the Office of Foreign Assets Control (**OFAC**), imposed sanctions on Mr Kerimov. A copy of a screenshot of the OFAC sanctions list search showing Mr Kerimov's listing is at page 50 of PC-1.

18. At some point several years ago, Mr Musaev informed me and the other GVA Capital shareholders that he had reached an oral agreement with Mr Kerimov that all profits from Prosperity's investment in GVA Auto and the LAZR Shares would go to GVA Capital, and then from GVA Capital to Mr Musaev or to an entity under his control (the **Alleged Agreement**). According to Mr Musaev, he and Mr Kerimov entered into the Alleged Agreement before the OFAC sanctions were imposed on Mr Kerimov.

19. In December 2020, based on my belief at the time that the Alleged Agreement was potentially valid and enforceable, I and the other GVA Capital shareholders, at the request of Leonard Grayver, GVA Capital's corporate lawyer acting on the instructions of Mr Musaev, signed an acknowledgment the effect of which was to waive any of our rights to this additional compensation to be received by GVA Capital. A copy of the acknowledgement I signed is at pages 51 to 52 of PC-1.

20. I understood that Mr Musaev intended to go to court and obtain a ruling that the Alleged Agreement was enforceable and lawful. Toward that end, in December 2020

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

GVA Capital retained experienced and reputable independent California counsel to advise on and enforce the Alleged Agreement. I signed the retainer agreement with counsel on behalf of GVA Capital. However, as far as I am aware, no court action was ever taken to enforce or verify the Alleged Agreement and no written advice was received from counsel on the validity and enforceability of the Alleged Agreement, although I am aware that the firm did some investigations, as they conducted a short interview with me.

21. On 3 December 2020, Luminar conducted the initial public offering of its stock. Over the next few days, the value of the stock appreciated significantly. By the time the Luminar stock price stabilized, the value of the LAZR Shares owned by GVA Auto was worth more than US$400,000,000. Under applicable rules and agreements, the LAZR Shares cannot be transferred or sold until on or after 3 June 2021.

22. Beginning in the first quarter of 2021, I had discussions with Definition's manager (Neuberger Berman Group LLC, a well-known and reputable asset management firm) and its counsel (Richards Layton & Finger, the largest law firm in Delaware) about the procedure for distributing the LAZR Shares once the transfer restrictions were lifted on 3 June 2021. As these discussions proceeded, I asked Mr Musaev and others at GVA Capital about the status of his effort to obtain a court ruling enforcing the Alleged Agreement. At that point, I learned that Mr Musaev's plans had changed. He no longer intended to obtain a court ruling in advance of the distribution of the LAZR Shares. Instead, Mr Musaev planned to arrange the transfer of the LAZR Shares to GVA Capital without Definition's knowledge or consent. From GVA Capital, Mr Musaev intended to return to Definition or Prosperity only the amount of Prosperity's original investment currently held by Definition (approximately US$18,500,000). The profit on that investment – approximately US$300,000,000 – would go to Mr Musaev or an entity under his control. If Definition or Prosperity disagreed with Mr Musaev's receipt of the profit on the investment, they would have to bring legal action to recover the profit from Mr Musaev.

23. I objected to Mr Musaev's plan on two principal grounds. First, I had not seen any concrete evidence that the Alleged Agreement in fact existed. In particular, I had not seen any evidence that Prosperity or Definition acknowledged the existence of the Alleged Agreement. Second, I had not received an opinion of counsel that any such

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

5

agreement would be enforceable and that any transaction in accordance with the Alleged Agreement would be consistent with the OFAC sanctions on Mr Kerimov and otherwise lawful. I communicated these objections to Mr Musaev and others at GVA Capital.

24. In response to my objections, in several instances Mr Musaev told me that if I did not go along with his plan, he would arrange for me to be removed as a director of GVA Capital and cause my shareholding in GVA Capital to be diluted so that I would not have any meaningful entitlement to the carried interest.

25. Until 6 April 2021, I believed that I could prevent Mr Musaev from proceeding with his plan, because my approval as a director of GVA Capital would be necessary for any distribution or transfer of the LAZR Shares. On that day, however, I received notice of an extraordinary meeting of GVA Capital's shareholders to be held on 13 April 2021 at which a resolution to remove me as a director of GVA Capital would be considered. A copy of the notice is at page 53 of PC-1. The shareholder meeting was initiated by Odrison.

26. On 8 April 2021, I sent an email to Definition's manager and counsel, advising them of Mr Musaev's claim that he had reached the Alleged Agreement. I asked Definition to advise me whether the Alleged Agreement existed and, if so, to provide me with an opinion of counsel that any transfer in accordance with the Alleged Agreement was lawful. A copy of this email is at pages 56 to 57 of PC-1.

27. On 9 April 2021, Definition, through its counsel, responded to my email and advised me that it was unaware of the Alleged Agreement and that if it existed it would be unenforceable on various grounds and contrary to the Operating Agreement. A copy of that email is at pages 54 to 55 of PC-1.

28. I did not attend the 13 April 2021 GVA Capital shareholders meeting in person. Instead, I submitted a written statement and proxy objecting to and voting against the resolution to remove me as director and objecting to Mr Musaev's plan to take Definition's profits from the LAZR Shares. Copies of my covering email, my statement and proxy form are at pages 58 to 60 of PC-1.

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

29. On 13 April 2021, Definition's counsel advised me that, prompted by my 8 April 2021 email, they had written to GVA Capital's corporate lawyer setting out Definition's position. A copy of that letter is at pages 61 to 62 of PC-1. In that letter, Definition states that, among other things:

    29.1. Definition strongly disagrees with the allegations that the Alleged Agreement exists.

    29.2. Definition strongly disagrees with Odrison's attempts to remove me as a director of GVA Capital.

    29.3. Mr Kerimov never had authority to act on behalf of Prosperity or Definition.

    29.4. If Odrison and Mr Musaev follow through on their plan to remove me as director and cause GVA Capital to adopt the Alleged Agreement, Definition will consider it a breach of the Operating Agreement and a breach of GVA Capital's fiduciary duties to the members of GVA Auto, and will seek prompt judicial relief including the removal of GVA Capital as the manager of GVA Auto.

30. The removal of GVA Capital as manager of GVA Auto would have devastating economic effects on GVA Capital as GVA Capital potentially would no longer be entitled to its carried interest under the Operating Agreement. In turn this would cause loss to the GVA Capital shareholders, including me, who are entitled to share proportionately in the carried interest.

31. On 16 April 2021, my Cayman Islands attorneys wrote to GVA Capital and Odrison, and sent the letter to Mr Musaev, the other shareholders of GVA Capital, and Leonard Grayver, the California corporate lawyer who acts for GVA Capital. A copy of the letter is at pages 63 to 66 of PC-1. In that letter, my attorneys advised of my intention to bring these proceedings and provided GVA Capital and Odrison with an opportunity to provide certain undertakings and confirmations that would make these proceedings unnecessary. We requested that these undertakings and confirmations be provided by 9am on Monday, 19 April 2021.

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

32. As of the time of making this affidavit, neither GVA Capital or Odrison have provided a response to that letter.

33. On the evening of 16 April 2021, and after my attorneys had sent the letter described in paragraph 31 above, Mr Grayver sent me by email a copy of the minutes of the GVA Capital shareholders meeting held on 13 April 2021, which confirm that the other shareholders passed the resolution to remove me as a director. A copy of the minutes is at pages 67 to 68 of PC-1.

34. Further, on 19 April 2021 I received I received notice of an extraordinary meeting of GVA Capital's shareholders to be held on 26 April 2021 at which a resolution to appoint Mr Grayver as a director of GVA Capital, and to increase the authorized share capital of GVA Capital will be considered. A copy of the notice is at page 69 of PC-1. The shareholder meeting is initiated by Odrison. I believe that the resolution to increase the share capital is the first step in carrying out a dilution of my shareholding.

**IV. Need for Urgent Injunctive Relief**

35. Based on the above, I believe that there is an urgent need for injunctive relief and the appointment of joint receivers over GVA Capital to protect my personal interests as a shareholder of GVA Capital and the interests of GVA Capital itself:

    35.1. Mr Musaev and the other shareholders of GVA Capital have already followed through on their threat to remove me as a director and exclude me from the management of GVA Capital and have issued a notice for a shareholders meeting to increase the authorized share capital of GVA Capital. In those circumstances, I have no reason to not believe that they will attempt to dilute my shareholdings if they want to take that step.

    35.2. If Mr Musaev and his allies cause GVA Capital to adopt the Alleged Agreement, Definition will likely take action in Delaware that will likely lead to the removal of GVA Capital as the manager of GVA Auto. That action will mean that GVA Capital is potentially not entitled to the carried interest under the Operating Agreement, which will cause significant loss to GVA Capital.

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

35.3. The Alleged Agreement appears to be *prima facie* invalid and unenforceable. If Mr Musaev causes GVA Capital to adopt and implement the Alleged Agreement without any binding agreement or judicial determination that it is enforceable, it will expose GVA Capital to significant financial and reputational damage. As stated above, GVA Capital is the manager of other funds and the investors in those funds would likely look to remove GVA Capital as manager if it engaged in the kind of misconduct being threatened by Mr Musaev and others.

35.4. I understand that while this Court has personal jurisdiction over GVA Capital, it does not have personal jurisdiction over Mr Musaev or other other shareholders, who are all domiciled in the Russian Federation (or Cyprus in the case of Odrison). Accordingly, I do not believe that they would be concerned about breaching an injunctive order made by this Court as it is unlikely they would ever be called to account for such a breach. In those circumstances, the appointment of joint receivers over GVA Capital by this Court will allow independent professionals to assume control over GVA Capital's business and operations in the Cayman Islands and the United States and ensure that the injunctions sought are complied with, if granted.

35.5. Based on discussions my Cayman Islands attorneys and I have had with Definition's counsel, I believe that if I can procure injunctive relief and the appointment of joint receivers by this Court at the GVA Capital level, Definition will not seek to remove GVA Capital as the manager of GVA Auto in Delaware.

## IV. Service Out of the Jurisdiction on the Second Defendant

36. Based on the above facts and advice from my attorneys, I believe that I, on my own behalf and/or derivatively on behalf of GVA Capital, have good causes of action against Odrison for the relief set out in the Writ of Summons filed in this proceeding. The implementation of the Alleged Agreement without Definition's agreement or a court order finding that the Alleged Agreement is valid would constitute a breach of the GVA Capital directors' fiduciary duties owed to GVA Capital, as the transaction would severely damage GVA Capital for the personal benefit of Mr Musaev. Similarly, any attempt to dilute my shareholding in GVA Capital would be inconsistent with my rights

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

Plaintiffs<br>
P Cherkashin<br>
First<br>
PC-1<br>
____ April 2021

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD _____ OF 2021 (_____)

**BETWEEN:**

(3) **PAVEL CHERKASHIN**
(4) **PAVEL CHERKASHIN (DERIVATIVELY ON BEHALF OF GVA CAPITAL LTD)**

**PLAINTIFFS**

**AND:**

(3) **GVA CAPITAL LTD**
(4) **ODRISON INVESTMENTS LIMITED**

**DEFENDANTS**

---

**EXHIBIT PC-1**

---

This is the exhibit marked PC-1 to the First Affidavit of Pavel Cherkashin.

SWORN  before  me  at
_____,
_____,
this _____ day of April, 2021

**PAVEL CHERKASHIN**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.
>
> State of California County of Santa Clara
> Subscribed and sworn to (or affirmed) before me on this 19 day of April, 2021, by Pavel Cherkashin,
> proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
> Signature _____ (Seal)
>
> Violeta M. Santa Gadea Lopez
> COMM. #2221353
> NOTARY PUBLIC - CALIFORNIA
> SANTA CLARA COUNTY
> My Comm. Exp. Nov. 10, 2021

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

11

as a shareholder and again would constitute a breach of the GVA Capital directors' fiduciary duties as they would be exercising their powers for an improper purpose.

37. As explained above at paragraph 9, Odrison is a limited company registered in Cyprus and has a registered office there. Accordingly, Odrison can be found in Cyprus for the purpose of effecting service outside of the Cayman Islands.

## V. Full and Frank Disclosure

38. I have been advised by my attorneys of my duty to make full and frank disclosure on this application. I believe that the matters I have set out in this affidavit above disclose the material facts and are not misleading. I understand from my attorneys that certain other aspects of this duty will be dealt with in the legal submissions.

SWORN before me at
_____,
_____,
this _____ day of April, 2021

**PAVEL CHERKASHIN**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of
__Santa Clara__
Subscribed and sworn to (or affirmed) before me on this __19__ day of __April__, 20 __21__, by __Pavel Cherkashin__,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _____
(Seal)


Violeta M. Santa Gadea Lopez
COMM. #2221353
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
My Comm. Exp. Nov. 10, 2021

This affidavit was filed by KSG, attorneys for the Plaintiff, whose address for service is 4th Floor Harbour Centre, 42 North Church Street, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [JK/MR/2101]

10