# EXHIBIT 1

LETTER OF REQUEST
COMMISSION ROGATOIRE

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

| | | |
|---|---|---|
| 1. | **Sender:** | The Honorable Robert T. Dawson<br>United States District Judge (sitting by Designation for the United States District Court for the District of Delaware)<br>United States District Court<br>for the Western District of Arkansas<br>Judge Isaac C. Parker Federal Building<br>30 South 6th Street, Room 1015A<br>Fort Smith, Arkansas 72901 |
| 2. | **Central Authority of the Requested State:** | Ministry of Justice and Public Order<br>125 Athalassas Avenue<br>1461, Nicosia<br>Cyprus |
| 3. | **Persons to whom the executed request is to be returned:** | Brock E. Czeschin, Esq.<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>Wilmington, DE 19801<br>Tel:   +1 302 651 7700<br>Fax:   +1 302 651 7701<br>Email: czeschin@rlf.com |
| 4. | **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request** | |
| | Date: | June 3, 2022 |
| | Reason for urgency: | The current schedule entered by the United States District Court in the underlying case requires document production to be substantially completed by June 3, 2022 and requires all discovery to be completed on or before September 16, 2022. |
| 5. | ***In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague*** | |

1

*Convention"), the undersigned applicant has the honor to submit the following request:*

|   |   |   |
|---|---|---|
| a. | Requesting judicial authority: | The Honorable Robert T. Dawson<br>Sitting by Designation for the<br>United States District Court<br>for the District of Delaware<br>J. Caleb Boggs Federal Building<br>844 N. King Street<br>Unit 9<br>Room 6325<br>Wilmington, Delaware 19801-3555<br>(the "Requesting Authority") |
| b. | To the competent authority of: | The Supreme Court of Cyprus<br>Charalambos Mouskos Street<br>1404, Nicosia<br>Cyprus<br><br>chief.reg@sc.judicial.gov.cy |
| c. | Names of the case and any identifying number: | *Definition Services Inc. v. GVA Capital LTD*, 1:21-cv-00741-RTD |

6. **Names and addresses of the parties and their representatives:**

**Plaintiff**
Definition Services Inc.
Trident Chambers
PO Box 146
Road Town, Tortola
British Virgin Islands

**Plaintiff's Representatives**
Brock E. Czeschin, Esq.
Christian C.F. Roberts, Esq.
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
United States of America
Tel:   +1 302 651 7700
Fax:   +1 302 651 7701
Email: czeschin@rlf.com
croberts@rlf.com

Adam D. Harber
Sarah F. Kirkpatrick
William Snyderwine
Miranda Petersen
Williams & Connolly LLP

|  |  |
|---|---|
|  | 725 Twelfth Street, NW <br> Washington, DC 20005 <br> United States of America <br> Tel:   +1 (202) 434-5000 <br> Email: aharber@wc.com <br> skirkpatrick@wc.com <br> wsnyderwine@wc.com <br> mpetersen@wc.com |
| **Defendant** <br> GVA Capital Ltd. <br> 908 Broadway <br> San Francisco, CA 94122 <br> USA | **Defendant's Representatives** <br> Bradley R. Aronstam, Esq. <br> Adam D. Gold, Esq. <br> Ross Aronstam & Moritz LLP <br> 100 S. West Street, Suite 400 <br> Wilmington, Delaware 19801 <br> United States of America <br> Tel.:   +1 302 576 1600 <br> Fax:   +1 302 576 1100 <br> Email:  baronstam@ramllp.com <br> agold@ramllp.com <br><br> Elliot R. Peters <br> David J. Silbert <br> Nicholas D. Marais <br> Maile Yeats-Rowe <br> Nicholas R. Green <br> Tara M. Rangchi <br> Keker, Van Nest & Peters LLP <br> 633 Battery Street <br> San Francisco, California 94111 <br> United States of America <br> Tel.: +1 415 391-5400 <br> Email: epeters@keker.com <br> dsilbert@keker.com <br> nmarais@keker.com <br> myeatsrowe@keker.com <br> ngreen@keker.com <br> trangchi@keker.com |

**7. Nature of proceedings and summary of facts**

A.      <u>Nature of Lawsuit</u>

The underlying civil lawsuit is already commenced.  It was filed by Definition Services Inc. ("Definition") on April 26, 2021 and is currently pending in the United States District Court

for the District of Delaware. It arises from a dispute between GVA Capital Ltd. ("GVA"), an investment manager, and Definition, the successor-in-interest to one of GVA's investors. Definition is a British Virgin Islands entity with its headquarters in BVI; GVA is a Cayman Islands corporation with its headquarters in San Francisco, California.

In September 2016, the predecessor-in-interest to Definition, Prosperity Investments, L.P. ("Prosperity") (a Guernsey partnership), made a $20 million capital contribution to GVA Auto, L.L.C. ("GVA Auto"), a Delaware company managed by GVA. At the same time, Prosperity and GVA entered into the Operating Agreement of GVA Auto (the "Operating Agreement"), which governs the operations and finances of GVA Auto.

GVA Auto then invested the $20 million capital contribution in Luminar Technologies, Inc. ("Luminar"), which was a startup company developing technology for autonomous cars. In June 2017, the Operating Agreement was amended when Prosperity sold a 5% stake in GVA Auto to Vladimir Smirnov. In December 2018, Prosperity transferred all of its interests in GVA Auto to Definition, pursuant to an Assignment Agreement, which was approved by GVA. Odrison Investments Limited ("Odrison"), a company incorporated and registered in Cyprus (registration number HE 129876, registered office address at Georgiou Katsounotou, 6, 3036, Limassol, Cyprus), which is the subject of this Letter of Request, is a Director and shareholder of GVA. Odrison executed a document on behalf of GVA approving the transfer of Prosperity's interest in GVA Auto to Definition.

In August 2020, Luminar announced that it planned to go public, and when its shares were publicly offered in December 2020, the terms of GVA Auto's investment provided for GVA Auto to receive over 18 million shares (the "Luminar Shares"). Today, the Luminar Shares are worth hundreds of millions of dollars.

This lawsuit centers on the distribution of the Luminar Shares, in conformance with the valid and binding GVA Auto Operating Agreement. In April 2021, after the Luminar shares exploded in value, GVA informed Definition it believed an oral agreement supposedly reached in 2016 or 2017 had modified the terms of the Operating Agreement, and that oral agreement rather than the written contract should govern the distribution of the Luminar Shares. Specifically, GVA asserted that its principal, Magomed Musaev, and two "representatives" of Prosperity (Suleiman Kerimov and Nariman Gadzhiev) had entered an oral agreement that: (1) if the Luminar investment failed, GVA would make Prosperity whole by refunding its entire investment (or whatever portion remained after sales to third parties); and (2) if the Luminar investment ultimately succeeded, GVA would keep any proceeds in excess of Prosperity's original investment. As a shareholder in GVA, Odrison stands to receive a financial benefit from the alleged oral agreement.

Definition asserts that the GVA Auto Operating Agreement is the operative contract governing the parties' relationship (and thus, the distribution of the Luminar Shares), and disputes both the existence and validity of the oral modification to that contract alleged by GVA. On April 26, 2021, Definition initiated the underlying lawsuit in the United States, seeking to have the alleged oral amendment declared invalid and unenforceable, to remove GVA as the Manager of GVA Auto, and to recover damages and other relief for anticipatory repudiation of the parties' contract and breach of GVA's fiduciary duty to Definition.

In short, the parties disagree about the existence and enforceability of an oral modification to the GVA Auto Operating Agreement, as alleged by GVA. As a shareholder, director, and entity that stands to receive proceeds from the alleged oral agreement, evidence from Odrison is relevant to resolving this issue. Thus, the taking of evidence in Cyprus is of vital importance for purposes

of securing relevant evidence to be used in the hearing of the lawsuit currently pending before the United States District Court for the District of Delaware.

      B.      <u>Summary of the Proceedings</u>

Fact discovery has commenced and currently is scheduled to close on September 16, 2022. A trial on the merits of the lawsuit pending is scheduled to begin on June 12, 2023.

**8. Evidence to be obtained or other judicial act to be performed**

      A.      <u>Evidence to be Obtained</u>

Definition respectfully requests that Odrison produce the documentation listed in Attachment A and that a corporate representative (i.e., a member of the Board of Directors or other competent officer) of Odrison be examined under oath or affirmation on the subject matters listed in Attachment B.

      B.      <u>Purpose of the Evidence Sought</u>

The evidence requested by the Requesting Authority is material to the resolution of the parties' dispute concerning the Luminar Shares.

Odrison is a Director and shareholder of GVA, the investment manager for GVA Auto. As one of the Directors for GVA during the relevant time period, Odrison is likely to have relevant documents and first-hand knowledge regarding GVA's management of Prosperity's and Definition's investments in GVA entities, including GVA Auto. Moreover, as a shareholder, Odrison may receive proceeds from the alleged oral modification to the GVA Auto Operating Agreement. Accordingly, Odrison is likely to have documents and first-hand knowledge relevant to the existence, validity, and enforceability of the alleged oral modification to the GVA Auto Operating Agreement.

Odrison is also likely to have documents and knowledge pertaining to key events relevant to other issues in the U.S. dispute. For instance, Odrison executed a document on behalf of GVA

Capital approving of the transfer of Prosperity's interest in GVA Auto to Definition. Thus, Odrison is likely to have first-hand knowledge regarding GVA's awareness and understanding of Prosperity's and Definition's interest in GVA Auto. As another example, Odrison initiated an extraordinary meeting of GVA shareholders in April 2021, during which Odrison introduced a resolution to remove the other director of GVA, Pavel Cherkashin. According to Mr. Cherkashin, Odrison sought to remove him as a director of GVA after he had refused to recognize the alleged oral modification to the GVA Auto Operating Agreement, which purported to give GVA the right to retain any profits from the Luminar investment. Indeed, prior to his removal, Mr. Cherkashin was working with Definition on a distribution agreement to provide Definition with its share of the Luminar investment proceeds, consistent with the GVA Auto Operating Agreement. Thus, Odrison is likely to have first-hand knowledge regarding Mr. Cherkashin's removal and the basis for that action.

### 9. Identity and address of any persons to be examined

Odrison Investments Limited is a company incorporated and existing under the laws of the Republic of Cyprus under registration number HE 129876. Odrison's registered office is located at Georgiou Katsounotou, 6, 3036, Limassol, Cyprus.

### 10. Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined

Definition respectfully requests that a member of the Board of Directors or other competent officer of Odrison be examined under oath or affirmation on the subject matters listed in Attachment B. Definition expressly reserves the right to add to Attachment B upon the receipt of the documents requested in Attachment A, as those documents may contain information about which testimony is needed.

According to the information available as of the date of the present Letter of Request, the registered directors of Odrison in the Companies Registry are the following persons:

a) SOLOSERVE LIMITED, registration number HE 174118, registered office address Agisilaou, 2, 3087, Limassol, Cyprus

b) Demosthenis Georgiou (Mr.), also acting as the registered Secretary of Odrison.

**11. Documents or other property to be inspected**

Definition respectfully requests that Odrison produce the documentation listed in Attachment A.

**12. Any requirement that the evidence be given on oath or affirmation and any special methods or procedure to be followed**

Definition respectfully requests that sworn testimony of Odrison (through a designated representative) be taken in conformance with the procedural requirements under Rules 30 and 32 of the United States Federal Rules of Civil Procedure, which govern the taking of depositions and the use of depositions in federal court proceedings in the United States. Specifically, Definition respectfully requests that the Supreme Court of Cyprus assign an Examiner at the Limassol District Court, or such other Court as it deems appropriate, ordering and directing a member of the Board of Directors or other competent officer of Odrison to provide deposition testimony on the subjects specified in Attachment A and Attachment B to this Letter of Request.

In accordance with United States Federal Rule of Civil Procedure 30(b)(6) (providing that parties can require a corporation to designate a representative to provide deposition testimony on the corporation's behalf), and subject to any privileges that may apply under the rules and procedures of the Laws of Cyprus, Definition further respectfully requests that:

1. A designated representative of Odrison be directed to appear and be examined under oath or affirmation at the Limassol District Court, or such location as the competent Court shall direct;

2. Both United States and Cyprus counsel for Plaintiff and Defendant be permitted to be present throughout the examination;

3. The examination take place in English, if possible, or, if not possible, with the assistance of an English translator assigned by the competent Court;

4. Plaintiff and Defendant, through counsel of their choosing, be permitted to conduct an examination of the witness that shall appear on behalf of Odrison on any subject matter of examination listed in Attachment B;

5. The questions and responses of the witness that shall appear on behalf of Odrison be verbatim transcribed by an assigned stenographer or stenotypist of the competent Court and be signed by the said witness upon conclusion of the proceedings and the signed transcribed minutes of the proceedings be provided to the Requested Authority and Definition; and

6. That Odrison produce documents in its possession, custody, or control, as described in Attachment A, in electronic form, to the extent reasonably possible, four weeks prior to the deposition at a time and place fixed by the competent Court.

**13. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified**

| | |
|---|---|
| Adam D. Harber, Esq. | Elliot R. Peters, Esq. |
| Williams & Connolly LLP | Keker, Van Nest & Peters LLP |
| 725 Twelfth Street, NW | 633 Battery Street |
| Washington, DC 20005 | San Francisco, California 94111 |
| United States of America | United States of America |
| Tel: +1 (202) 434-5000 | Tel: +1 (415) 676-2273 |
| Email: aharber@wc.com | Email: epeters@keker.com |

**14. Specification of privilege or duty to refuse to give evidence under the law of the State of Origin**

Pursuant to Article 11 subsection b of the Convention, the subject of a letter of request may refuse to produce documents or give evidence on the basis that (1) it constitutes a confidential communication between a lawyer and a client for the purpose of giving or receiving legal advice, or (2) it was prepared by a party to the litigation in anticipation or contemplation of litigation.

**15. Fees and costs**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Definition. To the extent that the

9

receiving tribunal of Cyprus incurs reasonable expenses associated with providing assistance in response to this Letter of Request, the Requesting Authority will see that the receiving tribunal or other enforcing Central Authority is reimbursed by Definition (c/o Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, United States of America). The confidentiality of any requested documents produced by Odrison may be maintained pursuant to the laws of Cyprus.

## Conclusion

In the spirit of comity and reciprocity, this United States District Court for the District of Delaware hereby requests international judicial assistance in the form of this Letter of Request to obtain the evidence set forth in Section 8 above. This United States District Court for the District of Delaware also hereby authorizes Definition to make the necessary application to any designated court to obtain the evidence sought. The United States District Court for the District of Delaware extends its assurances of the highest regard and consideration to the Ministry of Justice and Public Order in Cyprus.

DATED at _____, this \_\_\_\_\_ day of _____, 2022.

_____
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A
## Documents to be Produced

Odrison Investments Limited
Georgiou Katsounotou, 6,
3036, Limassol,
Cyprus

1. Documents sufficient to show Odrison's corporate, governance, and/or ownership structure, including the directors, shareholders, and/or beneficiaries of Odrison.

2. Documents sufficient to show Odrison's ownership and/or financial interest in GVA and/or any of GVA's affiliates.

3. Documents (such as financial statements, income statements, balance sheets, cashflow statements, profit and loss statements, owners' or shareholders' equity statements, and tax filings) from September 1, 2016 to December 31, 2020 sufficient to show: (1) whether Odrison had the financial capability to assume liability for any potential losses under the alleged oral modification to the GVA Auto Operating Agreement, (2) whether (and how) Odrison accounted for potential gains or losses from the alleged oral modification to the GVA Auto Operating Agreement, and (3) whether Odrison had the financial capability to purchase Prosperity and/or Definition's interests in the GVA entities.

4. Documents sufficient to show any authority Odrison had to act on GVA's behalf.

5. Documents and written communications regarding the removal of Pavel Cherkashin as a Director of GVA, including documents about the meeting of GVA Capital's shareholders in April 2021 to consider Mr. Cherkashin's removal.

6. Documents relating to or referencing (i) Prosperity's or Definition's potential or actual investments in GVA Auto, Startup Temple Fund Ltd. or Startup Temple Group LLC ("Startup Temple"), and/or GVA Vestor.In Partners Fund, L.P ("Vestor.In"), (ii) efforts to source or locate additional investors or purchasers of Prosperity's and Definition's investments, and (iii) the potential or actual purchase or sale of such investments.

7. Documents between June 1, 2015 and the present relating to or referencing GVA, GVA Auto, the Luminar Shares, and/or Prosperity's or Definition's potential or actual investments in GVA Auto, Startup Temple, and/or Vestor.In.

**ATTACHMENT B**
**Subject Matter of Examination of Odrison Investments Limited**

Odrison Investments Limited
Georgiou Katsounotou, 6,
3036, Limassol,
Cyprus

1. **Introductory questions.**

    A. Details of the designated representative's role, position, or affiliation with Odrison;

    B. Whether Odrison's designated representative discussed the Request or the underlying lawsuit with anyone and, if so, the details of the substance and circumstances of any relevant communications to the extent not protected by any legal privilege; and

    C. Any materials reviewed by the designated representative or individuals the representative spoke to in preparation for the examination, to the extent not protected by any legal privilege.

2. **Questions regarding Odrison's corporate, governance, and ownership structure as well as its directors, shareholders, and beneficiaries from January 1, 2015 to present.**

    A. Who was authorized to speak on behalf of the company;

    B. Who was authorized to enter into agreements on behalf of the company;

    C. The procedures required to take binding action on behalf of the company; and

    D. Anyone who holds an interest in Odrison's investments.

3. **Questions regarding Odrison's investment interest in GVA and/or any other GVA entities.**

    A. The number of GVA shares held by Odrison;

    B. Whether Odrison holds shares in any other GVA entity; and

    C. Any written or oral agreements between Odrison and GVA, including between its shareholders or representatives, regarding the distribution of proceeds from investments by GVA entities, including GVA Auto.

4. **Questions regarding Odrison's position as a Director of GVA.**

    A. Odrison's duties and responsibilities as a Director of GVA; and

    B. The date range within which Odrison served as a Director of GVA.

5. **Questions regarding GVA's management of GVA Auto.**

12

    A. Odrison's knowledge of any potential or actual investment in the Luminar Shares by Prosperity and/or Definition through GVA Auto;

    A. Odrison's knowledge of GVA's management of GVA Auto and Prosperity's and/or Definition's investment in the Luminar Shares;

    B. Odrison's knowledge of the transfer of Prosperity's interest in GVA Auto to Definition and Odrison's approval of the transfer on GVA's behalf; and

    C. Odrison's understanding of the value of GVA Auto's investment in the Luminar Shares and whether/how that changed over time.

6. **Questions regarding Odrison's knowledge regarding the alleged oral modification to the GVA Auto Operating Agreement.**

    A. When Odrison first learned about the alleged oral modification;

    B. The terms of the alleged oral modification;

    C. When the agreement regarding the alleged oral modification was reached; and

    D. Whether Odrison has any documents related to the alleged oral modification in its possession, custody, or control.

7. **Questions regarding Odrison's knowledge of the actual or potential sale of any portion of Prosperity's and/or Definition's interest in GVA Auto.**

    A. Whether Odrison contemplated the purchase of any portion of Prosperity's and/or Definition's interests in GVA Auto and any communications regarding or documentation thereof;

    B. Whether Odrison participated in or had knowledge of any negotiations regarding the actual or potential sale of any portion of Prosperity and/or Definition's interests in GVA Auto to any person or entity between September 1, 2016 and present, including (if applicable) the terms, date consummated, persons present for negotiation, and any efforts to document any oral agreements; and

    C. Whether Odrison has knowledge of any written or oral agreements between Odrison, GVA, GVA Auto, and/or Mr. Musaev on one hand, and Prosperity and/or Definition on the other, including (if applicable) the terms, dates consummated, persons present for negotiation, and any efforts to document any oral agreements.

8. **Questions regarding Prosperity and/or Definition's investments in other GVA entities.**

    A. Odrison's knowledge of Prosperity's and/or Definition's potential or actual investments in Startup Temple; and

    B. Odrison's knowledge of Prosperity's and/or Definition's potential or actual investments in Vestor.In.

9. **Questions regarding Odrison's knowledge and/or involvement in the removal of Pavel Cherkashin as a Director of GVA.**

    A. Odrison's basis for initiating a meeting of GVA Capital's shareholders in April 2021 and introducing a resolution to remove of Pavel Cherkashin as a GVA director;

    B. The substance of any discussions between Odrison, GVA, GVA Auto, and/or Mr. Musaev regarding Mr. Cherkasin's removal; and

    C. Whether Odrison has any documents related to Mr. Cherkashin's removal in its possession, custody, or control.

# EXHIBIT 2

## CERTIFICATION PURSUANT TO D. DEL. LOCAL RULE 7.1.1

Pursuant to D. Del. Local Rule 7.1.1, counsel for Plaintiff has conferred with counsel for Defendant regarding the relief sought in the Motion for Issuance of Letter of Request to Odrison Investments Ltd.  Counsel for Plaintiff has been informed that Defendant does not oppose the relief Plaintiff seeks.

      /s/ Brock E. Czeschin
Brock E. Czeschin (#3938)
Travis S. Hunter (#5350)
Renée Mosley Delcollo (#6442)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
czeschin@rlf.com
hunter@rlf.com
delcollo@rlf.com

*Attorneys for Plaintiff
Definition Services, Inc.*

Dated:  March 14, 2022