## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEFINITION SERVICES INC., a British Virgin Islands corporation, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00741-MN |
| | ) |
| GVA CAPITAL LTD., a Cayman Islands exempted company, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## SCHEDULING ORDER

This _____ day of October, 2022, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

The parties served their initial disclosures, pursuant to Federal Rule of Civil

Procedure 26(a)(1), on December 20, 2021. If they have not already done so, the parties are to

review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored

Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources,

Default Standard for Discovery) and is incorporated herein by reference.

2.     Joinder of Other Parties and Amendment of Pleadings.  The deadline for motions

to join other parties, and to amend or supplement the pleadings, was May 2, 2022.

3.      <u>Application to Court for Protective Order</u>.  The parties previously submitted, and the Court entered, a protective order specifying terms and conditions for the disclosure of confidential information (the "PO"). *See* D.I. 40–41.

The stipulated PO includes the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      <u>Papers Filed Under Seal</u>.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) business days of the filing of the sealed document. The party filing the sealed document shall by 3:00 p.m. on the fourth business day following the filing provide the opposing party with a proposed public version of such filing. The opposing party shall have until 3:00 p.m. on the seventh business day following the filing to provide the filing party with any additional proposed redactions, which shall be included in the redacted copy to be filed that day.

5.      <u>Courtesy Copies</u>.  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.  The parties agree to consider, and discuss in good

faith, the possibility of mediation or other alternative dispute resolution during the pendency of this proceeding, including but not limited to following the submission of dispositive motions.

7.   <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)   <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before March 31, 2023. Nonetheless, the parties anticipate needing to conduct certain international discovery, via the Hague Convention on Taking Evidence Abroad or otherwise ("International Discovery"). The parties and the Court recognize that this International Discovery may present certain logistical and other complications leading to delays as compared to U.S.-based discovery. Accordingly, the fact discovery cutoff in this paragraph is not intended to limit the parties' ability to continue good-faith efforts to obtain International Discovery beyond the deadline set forth above, so long as those good-faith efforts were begun reasonably in advance of the discovery cutoff. The parties also reserve the right to move to amend this schedule if, despite their reasonable efforts, delays in completing International Discovery (that otherwise complies with this paragraph) would prejudice the parties' ability to comply with other deadlines set forth below.

(b)   <u>Document Production and privilege logs</u>.  Document production shall be substantially complete by December 16, 2022. The parties shall exchange privilege logs by January 13, 2023.

(c)   <u>Requests for Admission</u>.  A maximum of 30 requests for admission are permitted for each side. not including requests seeking admission that documents are authentic under Federal Rule of Evidence 901.

3

(d)    <u>Interrogatories</u>.

i.    A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    <u>Depositions</u>.

i.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 70 hours of on-the-record time for taking testimony by deposition upon oral examination. Both individual (*i.e.*, Rule 30(b)(1) and corporate (*i.e.*, Rule 30(b)(6)) depositions will count towards this 70-hour limit.

ii.    The parties agree that, for any deposition that requires an interpreter, on-the-record time will count at 50% (for both the 7-hour and 70-hour limits). Similarly, if depositions conducted under the Hague Convention are subject to other procedural restraints or requirements, the parties will meet-and-confer about an appropriate method of *pro-rating* the on-the-record time for those depositions.

iii.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant

4

who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)     Disclosure of Expert Testimony.

i.     Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before April 14, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 5, 2023. The parties agree that "reply expert reports" are unnecessary. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before May 19, 2023.

ii.     Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

iii.     Expert Discovery Cut Off.  All expert discovery in this case shall be initiated so that it will be completed on or before May 19, 2023.

(g)     Discovery Matters and Disputes Relating to Protective Orders.

i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the

parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.    On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed 1,000 words,[1] outlining the issues in dispute and its position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party.

iv.    On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed 1,000 words, outlining that party's reasons for its opposition.

v.    The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

vi.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

---

[1] Judge Dawson previously approved the parties' agreement to word limits that deviate slightly from the Local Rules. *See* D.I. 33 at ¶ 6(a). Judge Dawson also approved the parties' agreement that, to the extent the Local Rules require them to quote the relevant discovery request (or any responses) in the letter, those will not count against the relevant word limit(s). *Id.* at 5 n.1. If the Court does not approve these modifications, the parties will abide by the Local Rules' default limits or any other limits set by the Court.

8.     <u>Motions to Amend / Motions to Strike</u>.

(a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

(b)     Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

9.     <u>Case Dispositive Motions</u>.

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 26, 2023. Briefing will be presented pursuant to the Court's Local Rules. Any opposition to such dispositive motions shall be due on or before June 23, 2023. Any replies in support of such dispositive motions shall be due on July 7, 2023. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)     <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to

the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

10.    <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 1,000 words of argument, may be opposed by a maximum of 1,000 words of argument, and the party making the *in limine* request may add a maximum of 350 additional words in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 1,000-word submission (and, if the moving party, a single 350-word reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12.    <u>Pretrial Conference</u>.  On October 16, 2023, or the next date that is convenient for the Court, the Court will hold a pretrial conference in Court with counsel beginning at _____. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than two (2) weeks before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)–(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

13.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms two weeks before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

14.    <u>Trial</u>.  This matter is scheduled for a 10-day jury trial beginning at 9:30 a.m. on October 30, 2023, or the next date that is convenient for the Court, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be

excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Maryellen Noreika
United States District Judge

## PROPOSED DEADLINES

| Event | Deadline |
|---|---|
| Substantial Completion of Document Production | December 16, 2022 |
| Privilege Logs | January 13, 2023 |
| Fact Discovery Cutoff | March 31, 2023 |
| Initial Expert Reports | April 14, 2023 |
| Rebuttal Expert Reports | May 5, 2023 |
| Reply Expert Reports | N/A |
| Completion of Expert Discovery | May 19, 2023 |
| Dispositive Motions | May 26, 2023 |
| Oppositions to Dispositive Motions | June 23, 2023 |
| Replies ISO Dispositive Motions | July 7, 2023 |
| Proposed Final Pretrial Order | October 2, 2023 |
| Jury Instructions, *Voir Dire* and Special Verdict Forms | October 2, 2023 |
| Final Pretrial Conference | October 16, 2023 |
| **Trial** | **October 30, 2023** |