# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEFINITION SERVICES INC., a British Virgin Islands corporation,<br><br>Plaintiff,<br><br>v.<br><br>GVA CAPITAL LTD., a Cayman Islands exempted company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:21-cv-00741-MN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR RECONSIDERATION

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Joseph C. Barsalona II (#6102)
1007 North Orange Street 4th Floor #183
Wilmington, DE 19801-1242
Telephone: (302) 592-6496

**KASOWITZ BENSON TORRES LLP**
Joshua N. Paul (pro hac vice)
Andrew H. Elkin (pro hac vice)
Gabriel Santos Neves (pro hac vice)
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700

*Attorneys for Plaintiff Definition Services Inc.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.       The Court Should Reconsider its Order Overruling Definition's Objections Based on a Procedural Error ................................................................................................ 3

    II.      The Court Should Exercise its Inherent Authority to Depart from the Rules and Consider Definition's Objections on the Merits ....................................................... 6

CONCLUSION .......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases:**

*Ajay Endeavors, Inc. v. Divvymed, LLC,*
  No. 20-CV-1556-SB, 2023 WL 2655485 (D. Del. Mar. 27, 2023) ............................................ 3

*Alea N. Am. Ins. Co. v. Salem Masonry Co.,*
  301 F. App'x 119 (3d Cir. 2008) ............................................................................................... 3

*Align Tech., Inc. v. 3Shape A/S,*
  No. CV 17-1646-LPS, 2020 WL 1873026 (D. Del. Apr. 15, 2020) ........................................... 7

*Barry v. Stryker Corp.,*
  No. CV 20-1787-RGA, 2023 WL 3224498 (D. Del. May 3, 2023) .......................................... 5

*Cummins v. SunTrust Cap. Markets, Inc.,*
  No. 07 CIV. 4633(JGK), 2010 WL 985222 (S.D.N.Y. Mar. 17, 2010) ..................................... 5

*E.E.O.C. v. Oak Lane Printing,*
  2007 WL 4557630 (D.N.J. Dec. 20, 2007) ............................................................................... 8

*In re Energy Future Holdings Corp.,*
  904 F.3d 298 (3d Cir. 2018) ...................................................................................................... 3

*Mayfield v. Cmty. Med. Assocs., P.A.,*
  335 N.J. Super. 198 (App. Div. 2000) ...................................................................................... 8

*McSparran v. Commonwealth of Pennsylvania,*
  No. 1:13-CV-1932, 2017 WL 758283 (M.D. Pa. Feb. 24, 2017) .............................................. 7

*Newell v. Ruiz,*
  286 F.3d 166 (3d Cir. 2002) ...................................................................................................... 8

*Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.,*
  692 F.3d 283 (3d Cir. 2012) ...................................................................................................... 8

*Park v. Tsiavos,*
  679 F.Appx. 120 (3d Cir. 2017) ........................................................................................... 7, 9

*Perez v. Cnty. of Los Angeles,*
  No. CV 10-5836 ABC (EX), 2012 WL 13005839 (C.D. Cal. Mar. 14, 2012) .......................... 5

*Player v. Motiva Enters. LLC*,
  2006 WL 166452 ............................................................................................................... 8

*Prince Hotel, S.A. v. Blake Marine Grp.*,
  No. CIV.A. 11-0537-WS-M, 2012 WL 4711897 (S.D. Ala. Oct. 2, 2012) ................................ 6

*Qazizadeh v. Pinnacle Health Sys.*,
  214 F. Supp. 3d 292 (M.D. Pa. 2016) ..................................................................................... 3

*Smith v. Oelenschlager*,
  845 F.2d 1182 (3d Cir. 1988) .................................................................................................. 7

*Sprint Commc'ns Co. L.P. v. Mediacom Commc'ns Corp.*,
  No. 17-CV-1736-RGA, 2020 WL 5593933 (D. Del. Sept. 18, 2020) ....................................... 8

*Sync Labs LLC v. Fusion Mfg.*,
  No. CIV. 2:11-03671 WHW, 2013 WL 4776018 (D.N.J. Sept. 4, 2013) ................................. 5

*Truinject Corp. v. Nestle Skin Health. S.A.,* No. CV 19-592-LPS-J,
  LH, 2020 WL 1270916 (D. Del. Mar. 17, 2020) ..................................................................... 8

*United States v. Eleven Vehicles, Their Equip. & Accessories,*
  200 F.3d 203 (3d Cir. 2000) .................................................................................................... 7

*Watley v. Pennsylvania*,
  2022 WL 9721966 (3d Cir. Oct. 17, 2022) ............................................................................. 7

*Wiest v. Lynch*,
  710 F.3d 121 (3d Cir. 2013) .................................................................................................... 3

**Statutes:**

28 U.S.C. § 636(b)(1)(A) ................................................................................................................ 4

**Rules:**

Fed. R. Civ. P. 54(b) ....................................................................................................................... 3

Fed. R. Civ. P. 72 ..................................................................................................................... 1, 4

Plaintiff Definition Services, Inc. ("Definition"), by and through its undersigned counsel, respectfully submits this brief in support of its motion for reconsideration of the Court's May 24, 2023 Order overruling Plaintiff's objections to Magistrate Judge Hall's Oral Order denying Plaintiff's Motion for Temporary Stay of Litigation.

## PRELIMINARY STATEMENT

Definition moved for a stay of proceedings before Judge Hall due to circumstances beyond its control – its inability to pay its counsel and continue with this litigation. Following Judge Hall's denial of Definition's motion, the undersigned counsel timely filed objections to Judge Hall's order. Through an unfortunate oversight, Definition did not submit courtesy copies of the motion papers to chambers within the five-day period prescribed by the Court's March 7, 2022 Standing Order for Objections Filed Under Fed. R. Civ. P. 72 (Standing Order). Although the documents were sent to the Court just one day past the five-day deadline, it appears that the Court had not received them. Despite the timely filing of objections, because courtesy copies had not been received, the Court overruled Plaintiff's objections and adopted Judge Hall's order.

Definition's lack of compliance in submitting courtesy copies within the designated time frame was inadvertent and not reflective of any intentional disregard for the Court's rules and procedures. Indeed, Definition's timely filing of objections to Judge Hall's Order demonstrates its commitment to preserving its rights. The belated submission of courtesy copies within the designated time frame is a procedural error and does not invalidate the substantive content of the objections themselves. This Court has discretion to reconsider its interlocutory orders, as well as to depart from its own local rules, particularly when doing so would serve the interests of justice. Definition implores the Court to exercise that discretion and to review the objections on the merits.

As explained at length in those objections, Definition seeks a stay of proceedings because

1

without it, Definition will face significant prejudice and may suffer irreparable harm.  This lawsuit arises out of Defendant, GVA Capital's unlawful efforts to misappropriate Definition's share of the gains arising out of an investment that rightfully belong to Definition.  At the inception of this litigation, Definition set aside funds and provided the Retainers to its former counsel to cover its legal fees.  But when Definition replaced its former counsel with its current counsel, it has been unable to transfer those funds as a result of various OFAC regulations.  Because, at this time, Definition has no other source of funding to pay its legal fees, a denial of stay could suspend Definition's ability to proceed with this litigation, leaving Defendants to abscond with millions of dollars of investment gains belonging to Definition.

Granting Definition's request for reconsideration would not cause prejudice to defendant, as it has been provided with the filed objections, and continues to have the opportunity to respond.  It would further ensure a just resolution of the motion and allow Definition the opportunity to have its objections heard on the merits rather than be disposed of on a procedural technicality.

## FACTUAL BACKGROUND

On February 7, 2023, Definition filed a motion before this Court seeking a stay of proceedings.  On March 2, 2023, this Court referred certain matters, including the motion to stay, to Judge Hall.  (D.I. 95)  On May 2, 2023, Judge Hall held a telephonic motion hearing on Definition's motion and read her ruling from the bench during that teleconference. (D.I. 116).  On May 3, 2023, Judge Hall issued an Oral Order denying the motion to stay. (D.I. 109).

On May 16, 2023, Definition timely filed objections to Magistrate Judge Hall's Oral Order. (D.I. 115) Through an inadvertent error, however, Definition did not submit courtesy copies to chambers within the five-day period prescribed by the Standing Order.  Copies of motion papers were sent to chambers on May 23, 2023, but as of May 24, 2023, the Court had not received them.

2

Consequently, the Court issued an order overruling Definition's objections based on procedural grounds for failure to timely submit courtesy copies. (D.I. 122).

Counsel is not aware whether, at this time, the Court has received the courtesy copies it originally sent, but is sending a copy of those motion papers via hand-delivery to chambers simultaneously with the filing of this motion.

## ARGUMENT

### I. The Court Should Reconsider its Order Overruling Definition's Objections Based on a Procedural Error

Under Rule 54(b), an order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Qazizadeh v. Pinnacle Health Sys.,* 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Although reconsideration motions (typically filed under Rule 59(e) applicable to final judgments) usually require parties to demonstrate an intervening change in controlling law; the availability of new evidence; or the need to correct clear error of law or prevent manifest injustice," *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013), reconsideration of interlocutory orders is a more lenient standard and can be had even if a movant cannot show those factors; the Court may permit reconsideration "when it is consonant with justice to do so." *Alea N. Am. Ins. Co. v. Salem Masonry Co.,* 301 F. App'x 119, 121 (3d Cir. 2008) (noting that the District Court had the authority to rescind its partial summary judgment for plaintiff based on subsequent change in law regarding workers' compensation); *Ajay Endeavors, Inc. v. Divvymed, LLC,* No. 20-CV-1556-SB, 2023 WL 2655485, at *5 (D. Del. Mar. 27, 2023) (revising its position on interpretation of a contractual provision, recognizing the court has "inherent power" to reconsider its interlocutory orders "when it is consonant with justice to do so") (quoting *In re Energy Future Holdings Corp.*, 904 F.3d 298, 310 (3d Cir. 2018).

Definition respectfully submits that it would be "consonant with justice" for the Court to reconsider its decision to overrule Definition's objections based on a procedural deficiency that has since been corrected.[1]  Rule 72 governing objections to orders issue by magistrate judges contemplates that district judges consider objections if they are timely made. The Rule provides, in relevant part, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72 (emphasis added).  The word "must" in the Rule has the indicia of a mandatory rather than permissive role and contemplates that the Court will review all timely made objections. And the word "timely" in reference to objections appears to refer to the actual filing of the motion papers to the Court, so as to provide notice that such objections are being raised.  Indeed, the Court's Standing Order provides that for nondispositive matters, "[a]ll orders or rulings of a Magistrate Judge authorized by 28 U.S.C. § 636(b)(1)(A) shall be final unless a party **timely files** written objections." (emphasis added).

Definition's objections were timely made – i.e., filed within the prescribed deadline – thereby allowing the defendant the opportunity to respond and enabling the Court to assess the merits.  Its belated submission of courtesy copies, although not in technical compliance with the Standing Order, does not inhibit the Court's review of the substantive merits.  The general purpose of courtesy copies is for ease and expedite of review by the Court, but the motion papers have been filed and are readily available; a slight delay in the submission of courtesy copies should result in

---

[1] Upon learning of the mistake just one day past the five-day deadline for submission of courtesy copies, copies of Definition's briefing in connection with its objections have been sent to the Court. To be sure, however, additional courtesy copies of those motion papers are being hand-delivered to chambers today, simultaneously with the filing of this motion.

a proportional result of a delay in the consideration of the motion, not in overruling objections altogether. Such a result is unduly harsh.

Counsel has scoured the caselaw in Delaware and has been unable to find any cases where a district judge overruled objections to a magistrate order for failure to provide courtesy copies.[2] Indeed, courts in other jurisdictions typically treat the failure to provide courtesy copies with a sense of leniency. *See, e.g., Sync Labs LLC v. Fusion Mfg.,* No. CIV. 2:11-03671 WHW, 2013 WL 4776018, at *2 (D.N.J. Sept. 4, 2013) (noting Plaintiff failed to provide courtesy copies of his summary judgment motion in violation of the local rule until almost three weeks after the fact; stating "[t]he Court has chosen to waive these violations, but the parties should both be on notice that the Court expects a higher degree of compliance with both the Federal Rules of Civil Procedure and the Local Civil Rules as this matter proceeds"); *Cummins v. SunTrust Cap. Markets, Inc.,* No. 07 CIV. 4633(JGK), 2010 WL 985222, at *1 (S.D.N.Y. Mar. 17, 2010), *aff'd,* 416 F. App'x 101 (2d Cir. 2011) (refusing to reject plaintiff's reconsideration motion as untimely for failure to provide courtesy copies; noting the motion was timely filed, defendant had an opportunity to respond, an suffered no prejudice as a result of the delay because it was plaintiff's motion that was delayed); *Perez v. Cnty. of Los Angeles*, No. CV 10-5836 ABC (EX), 2012 WL 13005839, at *1 (C.D. Cal. Mar. 14, 2012) (noting that Plaintiff's failure to supply courtesy copies

---

[2] Delaware Courts typically overrule objections for failure to include a certification in compliance with the Standing Order that "the objections do not raise new legal/factual arguments, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge." Unlike the requirement regarding courtesy copies, inclusion of the certification set forth in the Standing Order serves a specific purpose. As this Court explained, "this is not some arcane requirement. It is a practical one, designed to make referrals to magistrate judges as efficient as the referral system can be." *Barry v. Stryker Corp.,* No. CV 20-1787-RGA, 2023 WL 3224498, at *1 (D. Del. May 3, 2023). The same considerations do not apply to courtesy copies, and no Delaware case that we have been able to find overruled timely filed objections containing the requisite certification and otherwise in compliance with all rules for belated submission of courtesy copies.

5

resulted in the delay in the resolution of the motion, and stating that "[t]he Court admonishes counsel for failing to provide timely courtesy copies"); *Prince Hotel, S.A. v. Blake Marine Grp.*, No. CIV.A. 11-0537-WS-M, 2012 WL 4711897, at *1 (S.D. Ala. Oct. 2, 2012) (stating that notwithstanding plaintiff's failure to adhere to the requirement that courtesy copies of any exhibits over 50 pages must be delivered to the Judge's chambers, the court will, in its discretion, consider the motion without delay).

Definition timely filed its objections and otherwise complied with all of the applicable rules; the several-day delay in submission of copies to chambers should not prevent the Court's substantive review of its motion, particularly given the undue harm that could result if Magistrate Hall's Order denying the stay will cause. As explained at length in the objections, a six-month stay was requested to allow Definition time to access the funds it had dedicated for paying legal fees in this action but has been prevented from doing so and requires permission from OFAC to transfer its retainer moneys from prior counsel. Without the transfer of its retainers and a stay of proceedings, Definition cannot continue with this litigation and may be forced to drop its case, thereby enabling defendant to steal distribution potentially worth hundreds of millions of dollars from Definition. Under the circumstances, it would be "consonant with justice" for Definition's stay motion, and objections to the Magistrate's ruling, be considered on the merits rather than be disposed of due to a procedural mishap. Definition pleads with the Court to exercise its discretion and reconsider its decision to overrule the objections.

## II. The Court Should Exercise its Inherent Authority to Depart from the Rules and Consider Definition's Objections on the Merits

Although local court rules "play a significant role in the district courts' efforts to manage themselves and their dockets," the Third Circuit has expressly held that district courts possess inherent authority to depart from their local rule, even when the local rule is phrased in mandatory

language. *United States v. Eleven Vehicles, Their Equip. & Accessories,* 200 F.3d 203, 214-15 (3d Cir. 2000) ("district courts [may] waive a requirement of its local rules in appropriate circumstances" where "(1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment"); *Park v. Tsiavos*, 679 F.Appx. 120 (3d Cir. 2017) (upholding district court's discretionary decision to waive technical compliance with DNJ Local Rule 56.1, where a party moving for summary judgment enumerated undisputed facts in its moving papers but not in a separate document as required by the local rule); *Watley v. Pennsylvania*, 2022 WL 9721966 (3d Cir. Oct. 17, 2022) (upholding district court's exercise of discretion in granting a defendant's three-day belated filing of a brief in support of their motion to dismiss because the matter went to the court's subject matter jurisdiction to decide the merits); *McSparran v. Commonwealth of Pennsylvania*, No. 1:13-CV-1932, 2017 WL 758283, at *2 (M.D. Pa. Feb. 24, 2017) (permitting opposition brief filed three days late and failing to include counter-statement in violation of local rules, concluding that exercise its discretion to depart from local rules was appropriate "Plaintiff has not alleged she suffered any unfair prejudice from the violations"); *see Smith v. Oelenschlager*, 845 F.2d 1182, 1185 (3d Cir. 1988) (Mansmann, J., dissenting) ("it is for the district court to determine what departures from its rules "are so slight and unimportant that the sensible treatment is to overlook them"… Even though local court rules are valid and binding on parties, their enforcement must be tempered with due consideration of circumstances") (internal quotations omitted); *see also* L.R. 1.1(d) ("[t]he application of the Rules in any case or proceeding may be modified by the Court in the interests of justice").

Indeed, this Court has previously had occasion to exercise its inherent authority to waive the requirements set forth in the Standing Order and consider the parties' objections, without overruling them for technical deficiencies. *See, e.g., Align Tech., Inc. v. 3Shape A/S,* No. CV 17-

7

1646-LPS, 2020 WL 1873026, at *1 (D. Del. Apr. 15, 2020) (noting that defendant's objections were filed several hours late, exceeded the page limitation due to improper font size, and failed to submit a proper certification under the Standing Order concerning new arguments, the court would nevertheless address the merits of the objections); *Truinject Corp. v. Nestle Skin Health. S.A.*, No. CV 19-592-LPS-JLH, 2020 WL 1270916, at *2 (D. Del. Mar. 17, 2020) (stating that plaintiff failed to comply with the Court's Standing Order because it failed to include a written statement certifying compliance and attached new exhibits relying on new arguments not raised before Judge Hall, but following plaintiff's letter apologizing for its non-compliance, deciding to analyze the merits of the Objection); *Sprint Commc'ns Co. L.P. v. Mediacom Commc'ns Corp.*, No. 17-CV-1736-RGA, 2020 WL 5593933, at *2 (D. Del. Sept. 18, 2020) (noting that although it is improper to object to report and recommendation of magistrate based on arguments raised for the first time, the court would address the argument).

Definition respectfully implores the Court to exercise its discretion here to depart from its Standing Order and to consider Definition's objection. The sound rationale for doing so is embedded in the courts' typical preference for adjudicating cases on their merits. *See Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012) (citing *Mayfield v. Cmty. Med. Assocs., P.A.*, 335 N.J. Super. 198 (App. Div. 2000), for premise that "here the affidavit was timely filed but served late, 'there has been no showing of prejudice to defendants that would outweigh the strong preference for adjudication on the merits rather than final disposition for procedural reasons'"); *Newell v. Ruiz*, 286 F.3d 166, 169 (3d Cir. 2002) (same); *E.E.O.C. v. Oak Lane Printing*, 2007 WL 4557630, at *10 (D.N.J. Dec. 20, 2007) (declining to exercise discretion to strike defendant's two-day belated reply brief, citing preference to examine the merits); *Player v. Motiva Enters. LLC*, 2006 WL 166452, at *3 (same); *see also*

*Tsiavos*, *supra*, 679 F. Appx. at 122 n.2 ("[Because the defendant] substantially complied with [Local Rule 56.1], providing full notice to the court and parties as to the grounds for [the defendant's] motion[, w]e conclude that the District Court did not abuse its discretion by excusing a technical error in the statement of undisputed facts."). Overlooking procedural technicalities in favor of merits consideration helps ensure that the Court upholds the principles of fairness and justice. Dismissing objections solely based on the failure to submit courtesy copies, without assessing their merits, would be contrary to the policy of reviewing cases on their substantive grounds.

Moreover, departing from the rule requiring courtesy copies within a specified time-frame would not cause prejudice to any party. The Court is already in possession of the e-filed documents and courtesy copies have since been delivered to chambers. Definition's timely filing of the objections evinces its effort to comply with the rules and that otherwise substantial compliance, we respectfully submit, should give way to the inadvertent oversight in the belated delivery of the courtesy copies. Definition respectfully urges the Court to exercise its discretion to review the case on its merits and prioritize substantive justice over procedural technicalities to ensures a fair and equitable resolution of the issues raised in the objections.

## **CONCLUSION**

For the foregoing reasons, Definition respectfully requests this Court vacate its May 24, 2023 Order overruling Definition's objections (D.I. 122) and consider Definition's objections (D.I. 115) to Magistrate Hall's decision (D.I. 109).

|  |  |
|---|---|
| Dated:   May 26, 2023 | Respectfully submitted, |
|  | PASHMAN STEIN WALDER HAYDEN, P.C. |
| Joshua N. Paul (*pro hac vice*)<br>Andrew H. Elkin (*pro hac vice*)<br>Gabriel Santos Neves (*pro hac vice*)<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY  10019<br>Telephone: (212) 506-1700<br>Email: jpaul@kasowitz.com<br>aelkin@kasowitz.com<br>gsantosneves@kasowitz.com | */s/ Joseph C. Barsalona II*<br>Joseph C. Barsalona II (#6102)<br>1007 North Orange Street 4th Floor #183<br>Wilmington, DE 19801-1242<br>Telephone: (302) 592-6496<br>Email: jbarsalona@pashmanstein.com |