## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEFINITION SERVICES INC., a British Virgin Islands corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:21-cv-00741-MN |
| GVA CAPITAL LTD., a Cayman Islands exempted company, | ) ) ) ) |
| Defendant. | ) ) ) |

### DECLARATION OF JOSEPH C. BARSALONA II
### IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

I, Joseph C. Barsalona II, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner with the law firm Pashman Stein Walder Hayden, P.C. ("Pashman"), Delaware counsel to Definition Services, Inc. ("Plaintiff" or "Definition") in the above-captioned action.

2. I submit this declaration in support of Plaintiff's Motion for Reconsideration of the Court's May 24, 2023 Order. I have personal knowledge of the matters set forth in this declaration unless otherwise indicated, and would testify competently to the same if called upon as a witness.

3. As detailed in the Declaration of Joshua N. Paul submitted in support of Plaintiff's February 7, 2023 Motion to Stay Proceedings (the "Paul Declaration"), due to regulatory constraints and a change in Plaintiff's counsel around October 2022, Plaintiff is currently experiencing a temporary obstacle to its ability to secure funding for its litigation costs in the instant matter, and sought to move for a temporary stay while it obtained permission from the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") to transfer its litigation retainers ("Retainers") from its former counsel to its current counsel.

4. Without the Retainers, Definition does not have funding available to pay for its legal fees and costs incurred in connection with these proceedings, including but not limited to attorneys' fees.

5. Definition has been and remains actively engaged in its endeavors to obtain permission from OFAC for the Retainers to be transferred to Definition's current counsel, and Definition and counsel have worked together to mitigate and avoid complications caused by Definition's current lack of funding.

6. Following Judge Hall's denial of Definition's motion, the undersigned counsel timely filed objections to Judge Hall's order via electronic filing, on May 16, 2023. Due to an inadvertent miscommunication, our office failed to communicate explicit instructions to our filing staff to have courtesy copies hand-delivered to chambers, despite this being our office's regular practice in accordance with the Court's applicable rules.

7. When our office discovered this issue on May 23, 2023, one day past the deadline, the responsible attorneys instructed that the courtesy copies be sent to the Court immediately. Courtesy copies were then sent to the Court by first class mail, and additional copies will be hand-delivered as of the time of filing the instant motion.

I declare under penalty of perjury that the above is true and correct, and that I executed this declaration this 26th day of May, 2023 in Wilmington, Delaware.

                                                */s/ Joseph C. Barsalona II*
                                                Joseph C. Barsalona II